# NEW-YORK COMMON PLEAS.

THE PEOPLE of the State of New-York agt. MARTIN DEMING.

" An act to amend the act passed Feb. 19, 1819, relative to the port wardens, harbor masters and pilots of the port of New-York," passed April 16, 1S30, provides, (§ 2,)

That, " if any person, other than a branch or licensed pilot, shall pilot for any other person any vessel of any description through the East River, commonly called Hellgate, or board such vessel for that purpose, he shall forfeit and pay the sum of $30 for every such offence—to be sued for and recovered in the *name of the master warden* of the port of New-York."

The People of, &c., agt. Deming.

Several subsequent acts have been passed amendatory of the act of 1830; but the repealing clauses of which affect only such former acts, and parts of acts, as are *inconsistent* with such subsequent acts; and it appearing that that part of the act of 1830, in reference to whose name a suit shall be brought for such penalty, is not inconsistent with such subsequent acts; and by a true construction of them, the act of 1830 was not intended to be repealed by implication,

Therefore, *held*, that the act of 1830, relative to the name in which the action for the penalty shall be prosecuted, remains in full force and effect: that is, all such suits must be prosecuted in the *name of the master warden of the port of New-York.*

*New-York, General Term, Jan.,* 1857.

APPEAL from a judgment of a justice's court.

———— ————, *for plaintiffs.*

———— ————, *for defendant.*

By the court—BRADY, Judge. The justice dismissed the complaint upon the ground that the action should have been commenced in the name of the master warden of the port of New-York, and although a variety of questions have been elaborately discussed, it is only necessary, for the purpose of determining this appeal, to pass upon the correctness of the judgment pronounced by the justice for the reason assigned by him.

It has not been considered necessary to present a review of the various statutes referred to in the arguments submitted, and for the reasons which will be stated. Leaving the earlier legislative enactments, and commencing with the act of 1830, will give us all that is requisite to the investigation of the question involved. The majority of the acts are amendatory of preceding acts; and such is the fact in relation to the act of 1830, which is designated " An act to amend the act passed Feb. 19, 1819, relative to the port wardens, harbor masters and pilots of the port of New-York." It contains no repealing clause; but, by § 2, provides that, " if any person, other than a branch or licensed pilot, shall pilot for any other person any vessel, of any description, through the East River, commonly called Hellgate, or board such vessel for that purpose, he shall forfeit

and pay the sum of *thirty dollars for every such offence—to be sued for and recovered in the* NAME OF THE MASTER WARDEN *of the port of New-York;"* and then directs that, when so recovered, it shall be deposited in the savings' bank, and constitute a charitable fund, to be disposed of for the benefit of indigent widows and orphan children of deceased East River pilots, under the direction of the board of wardens.

Here, then, is the penalty to be recovered—the person in whose name it shall be sued for, and the disposition to be made of it, when recovered, expressly provided for, beyond all question or peradventure. Then follows the act of 1832, the 10th section of which contains the same penalty for the same cause, but is silent as to the person by whom it shall be sued for. Yet, in the 11th section, we find that the half-pilotage authorized by law to be collected when a pilot shall be refused, shall be sued for and recovered in *the name of the master warden of the port of New-York*, a provision which was omitted in the act of 1830, § 3, relating to that subject, providing only that it should be *paid over* to the master warden. Thus we perceive that the name in which the penalty of $30 shall be sued for is omitted in § 10 of the act of 1832, and supplied by § 11 as to half-pilotage, which was omitted in the act of 1830 : and by § 12, all such acts or parts of acts as are *inconsistent* with the provisions of the act are declared to be repealed. Then follows the act of 1841, amendatory of the act of 1832, which, by the 6th section, repeals *such parts* of the 6th, 7th, 9th and 10th sections of the act amended as are inconsistent with it. There is nothing in this act which affects the penalty of $30 above mentioned, and it remains undisturbed by this statute in any manner whatever.

Then follows the act of 1847, under which the penalty in this action is prosecuted. The 9th section provides for the penalty of $30 for the same cause stated in the act of 1830, but omits to provide in whose name it shall be sued for, and to what purpose it shall be appropriated when collected. The 11th section repeals all such acts or *parts of acts* as are inconsistent with the provisions of the act; and upon these two sections, in

connection with the other statutes referred to, depends the question under review.

A new change of phraseology, in a revision of the statute, will not be deemed to alter the law, unless it evidently appears that such was the intention of the legislature. (*Ex parte Brown,* 21 *Wend.* 316; *In the matter of Theriat* agt. *Hart,* 2 *Hill,* 380, *and note b.*)

In construing a statute the intention of the legislature should be followed, wherever it can be discovered, although the construction adopted seem contrary to the letter of the statute. (*Griswold* agt. *National Ins. Co.,* 3 *Cow.* 89; 15 *J. R.* 380; *Crocker* agt. *Crane,* 21 *Wend.* 211.)

The invariable rule of construction, in respect to the repealing of statutes by implication, is, that the *earliest act remains in force,* unless the two are manifestly inconsistent with, and repugnant to each other; or unless in the latest act some express notice is taken of the former, *plainly indicating an intention to abrogate it.* (*Bowen* agt. *Lease,* 5 *Hill,* 225.) Hence a repeal by implication is not favored; on the contrary, courts are bound to uphold *the prior law, if the two acts may well subsist together.* (*Dr. Foster's case,* 11, 60, 63; *Weston's case, Dyer,* 347; 10 *Mod.* 118; *Bac. Abr. Statute* (*D*); *Dwarris,* 673–675.) Applying these principles to the case in hand, we shall have little difficulty in arriving at the conclusion that the justice was right, and that the action should have been brought in the name of the master warden of the port of New-York.

It must be borne in mind, that by the act of 1830 the action is to be brought in the name of the master warden. The 10th section of the act of 1832, which relates to the same subject and penalty, omits any provision on the subject of the person in whose name the suit is to be brought; and there is, therefore, nothing on that subject in the act of 1830 inconsistent with it. The same remark applies to the act of 1841, which contains nothing on the subject; and the same to the act of 1847, which preserves the penalty, but does not provide in whose name the action shall or may be brought. There is nothing, therefore, in the act of 1847 inconsistent with that *part*

*of the act* of 1830 which gives the right of action to the master port warden. The two statutes shall stand together, and both have effect, if possible; for the law does not favor repeals by implication: and all acts *in pari materia* should be taken together, as if they were one law. (*Bowen* agt. *Lease, supra; M'Cartee* agt. *Orphan Asylum*, 9 *Cow.* 347.) There was no repeal, in express terms, of that part of the act of 1830; and if repealed at all, it was repealed by implication only, which the law does not favor, as we have seen.

In the repealing clauses of the various acts to which reference has been made, such acts and parts of acts only *as are inconsistent* are effected; and this has an important bearing in considering the intention of the legislature. That intention is manifest in the phraseology adopted, and the repeals of parts of acts, *not inconsistent* with the act passed, cannot be interpreted to repeal parts of acts which are perfectly consistent with it, and the intention must prevail, as we have seen, even if such a construction must result, which is not the case here, as would *seem* contrary to the letter of the statute. (*Crocker* agt. *Crane, supra.*) Because a thing within the intention is as much within the statute as if it were within the letter, and a thing within the letter is not within the statute if contrary to the intention of it. (*The People* agt. *The Utica Insurance Co.*, 15 *J. R.* 358.)

We think, therefore, that the act of 1830, relative to the name in which the penalty should be prosecuted, remains in full force and effect; that the justice was right, and that the judgment of dismissal must be affirmed.