# N. Y. COMMON PLEAS.

### SUSAN PECK agt. ANDREW PECK.

*Marriage — Divorce — Prohibition in divorce decrees — Laws of 1879, chapter 321, section 49 — Rights under, saved by repealing act of 1880 — Code of Civil Procedure, section 1761.*

The right of a defendant in a divorce suit, the judgment in which prohibited him from marrying again, to make application under section 49 of the Laws of 1879, for a modification of such judgment, is saved by the repealing act of 1880 ; and section 1761 of the Code of Civil Procedure, containing the disqualification upon re-marriage never became operative law, except as modified by said repealing act.

*Special Term, January*, 1881.

*H. F. Farnsworth*, for motion.

LARREMORE, *J.* — On April 10, 1874, a decree of absolute divorce was granted in this action in plaintiff's favor, in pursuance of article 3, section 1, chapter 8, part 2 of the Revised Statutes, whereby the defendant was prohibited from marrying again during the life of the plaintiff. She remarried on May 10, 1878, and is now living in the marriage relation in the city of New York.

By chapter 321 of the Laws of 1879, section 49, the statute above referred to was amended by allowing a defendant found guilty of adultery in a divorce suit, after the expiration of five years from the rendition of judgment therein and remarriage of the plaintiff, to make application to the court for a modification of such judgment upon satisfactory proof of the facts above stated, and also of the fact of defendant's good conduct since judgment was rendered. This act took effect immediately.

Such application and proofs have been produced herein, and it would appear that defendant is entitled to the relief sought.

The plaintiff has had due notice of this proceeding, and makes no objection thereto. It remains to consider whether or not any legal impediment is interposed by section 1761 of the Code of Civil Procedure (*Session Laws* 1880, *chap.* 178).

This section would seem to restore the prohibition as to remarriage by defendant during the lifetime of the plaintiff, and is, apparently, inconsistent with section 49 of the Revised Statutes, as amended by chapter 321 of the Laws of 1879. If these statutes were the only guide to their own construction, the conclusion would follow that the latest utterance of the legislature must control, and the former act would be repealed by implication (*Livingston* agt. *Harris,* 11 *Wend.,* 329; *Warrington* agt. *Trustees of Rochester,* 10 *Wend.,* 547; *People ex rel. Foster* agt. *Bell,* 46 *N. Y.,* 57). But the legislature has not left us in doubt upon this subject, for at the same session in which it passed section 1761 of the Code of Civil Procedure, it also, on May 10, 1880, enacted a repealing act, which expressly excepts section 49 of chapter 321 of the Laws of 1879.

For the purpose of determining the effect of the act comprising the Code of Civil Procedure upon other acts, and the effect of other acts upon it, it was therein especially provided that "this [that] entire act is deemed to have been enacted on the sixth day of January, in the year 1880, and all acts passed after the last mentioned date are to have the same effect as if they were passed after this act" (*Section* 3355 *Code Civil Procedure*).

Moreover, said act, comprising such Code of Civil Procedure, was not returned by the governor within the time prescribed, and it became a law without his signature on May 6, 1880 (*Session Laws,* 1880, *vol.* 2, *sec.* 1), whereas the repealing act appears to have been approved by the governor, May 10, 1880 (*Laws,* 1880, *vol.* 1, *sec.* 367), and thereby became the later act.

I cannot disregard the manifest intention of the legislature as expressed by the repealing act. Repeals by implication are not favored, and acts by the governing power, not absolutely

inconsistent or repugnant, should be construed in harmony with each other (*Rex* agt. *Justices of Middlesex*, 2 *Barn. & Adolph.*, 818; *Viners Abr.*, 132, 575; *McCartree* agt. *Orphan Asylum*, 9 *Cow.*, 437; *Mayor* agt. *Walker*, 4 *E. D. Smith*, 258; *Wallace* agt. *Bassett*, 41 *Barb.*, 92; *Smith* agt. *The People, &c.*, 47 *N. Y.*, 333; *Heckman* agt. *Pinckney*, 6 *Abb. New Cases*, 371, affirmed by Court of Appeals; *Bowen* agt. *Lease*, 5 *Hill*, 321; *People* agt. *Dening*, 1 *Hilt.*, 271; *Van Rensselaer* agt. *Snyder*, 9 *Barb.*, 302; *Hayes* agt. *Symonds*, 9 *Barb.*, 260; *Powers* agt. *Shepard*, 48 *N. Y.*, 540-4).

Section 1761 of the Code of Civil Procedure and said repealing act both took effect September 1, 1880 (*sec.* 3356 *Code; sec.* 5, *chapter* 245, *vol.* 1, *Laws* 1880), so that said section containing the disqualification upon remarriage never became operative law, except as modified by said repealing act.

The defendant's right to the relief sought herein existed prior to September 1, 1880; it was saved by the repealing act; it is not necessarily inconsistent with or repugnant to section 1761 of the Code, and this application should be granted.