THE VILLAGE OF MAYVILLE, APPELLANT, *v.* MARIETTE WILCOX AND ANOTHER, RESPONDENTS.

*Municipal corporations — riparian rights of a village in waters within its limits — jurisdiction of a court of record, presumed — right acquired by prescription.*

The Holland Land Company, the proprietor of certain land, laid out a street through it, in 1804, of a width of six rods. In June, 1827, the Court of Common Pleas of Chautauqua county, pursuant to section 2, chapter 150, Laws of 1827, made an order granting permission to Dexter & Tinkom to erect a wharf, of a width of forty feet, at the termination of said street, extending into Chautauqua lake, a navigable body of water, and to place storehouses thereon. The wharf was built, and the effect was to narrow the street by forty feet for a short distance near the point where it projected into the water.

This street was included within the limits of a village, which was incorporated in 1867, and by its charter acquired the powers of commissioners of highways.

In an action brought by the village against the defendants, grantees by mesne conveyances of Dexter & Tinkom, to restrain them from erecting proposed buildings upon the end of the wharf nearest to the land, which, as alleged, would interfere with the right of the public to enjoy the street at its full width, unobstructed to the water's edge:

*Held,* that the parties who had succeeded to the rights of the Holland Land Company were the only persons who could sue.

That the village, as a municipal corporation, had no riparian rights over the waters of the lake, and could have none unless they were expressly conferred by statute.

That the inhabitants of the village could not be said to be deprived of access to the lake while the remainder of the street was open.

That the order of the Common Pleas was not ineffectual because it did not affirmatively appear, outside of the recitals therein, that Dexter & Tinkom were owners of lands adjacent to the lake, as was required by section 2 of chapter 150 of the Laws of 1827, when the order was made.

That it would be presumed that the Court of Common Pleas, being a court of record, acted within its jurisdiction.

That the defendants had acquired a right by prescription to occupy the premises.

APPEAL by the plaintiff, the Village of Mayville, from a judgment, entered in the office of the clerk of the county of Chautauqua on the 27th day of November, 1886, upon the report of a referee, dismissing the complaint on the merits, with costs.

*Sherman S. Rogers,* for the appellant.

*Lorenzo Morris,* for the respondents.

MACOMBER, J. :

This action was brought to restrain the defendants from erecting buildings in front of the termination of Erie street, in the village of Mayville, abutting against the waters of Chautauqua lake.

The plaintiff, which was incorporated April 19, 1867, has, by virtue of its charter, the powers of commissioners of highways, under the general laws of the State, within the limits of Mayville.

The Holland Land Company was the original proprietor of the land situated within the corporate limits of this village, and of the waters of Chautauqua lake. The lake is a navigable body of water, and sundry lines of steamers are now operated thereon for the purpose of conveying passengers and merchandise to and from various parts of its shores. The Holland Land Company laid out Erie street in the year 1804, the map of which (included in the map of the village), was filed in the county clerk's office of Chautauqua county, on the 23d day of February, 1829. The street was then six rods wide. In the year 1827 the Court of Common Pleas, on proper application, made an order, dated the twenty-seventh day of June,

of that year, granting permission to John Dexter and Hezekiah Tinkom to erect a wharf on the land covered by the water at the termination of Erie street, and to extend it on a line parallel with the north-eastern line of Erie street, to the width of forty feet, for a distance of three hundred feet into the lake, with the privilege to erect on such wharf or pier such store-houses as they might think necessary for public convenience. This order has remained unrevoked. At the time mentioned the waters of the shore of Chautauqua lake at this point were shallow, not exceeding the depth of two feet at a distance of fifty feet from the shore. In pursuance of the power given to Dexter & Tinkom, by the Court of Common Pleas, these persons did, in the years 1828 or 1829, erect a wharf and store-houses at the termination of Erie street, in accordance with the power thus bestowed, namely, taking up forty of the ninety-nine feet of the street at its intersection with the water, and carrying the wharf or pier into the lake a distance of 300 feet. These premises, for a width of forty feet, have been in the possession and occupancy of the defendants and their grantors since the year 1828 or 1829. The wharf has not been used for about twenty years, and the buildings erected thereon by the defendants were destroyed by fire about the year 1883.

That the Court of Common Pleas had the power, under chapter 150 of the Laws of 1827, to make the grant above-mentioned admits of no doubt. Section 2 of that act is as follows:

"And be it further enacted, that it shall and may be lawful for any person owning lands adjoining the Cayuga, Seneca or Chautauque lakes, to erect any wharf or wharves, storehouse or storehouses, upon any land covered by the water of such lakes adjacent to and bounding upon the land of such owners, and to use, occupy and enjoy the same as if conveyed by the commissioners of the land office, pursuant to an act passed February 6, 1824: Provided, that nothing in this act shall be so construed as to authorize any person to erect a wharf at the termination of any highway, so as to obstruct the passage of ferry boats or any other water craft; and provided, further, that before any person or persons shall be authorized to erect any wharf or storehouse in Chautauque lake, such person or persons shall first apply to and obtain the consent and

order of the Court of Common Pleas of said county, which consent and order shall not be granted until the applicant or applicants shall first give at least three weeks notice of such intended application, by publishing a notice in one of the newspapers printed in said county; and when such order and consent shall be obtained, it shall forthwith be filed in the clerk's office of the county of Chautauque."

The learned counsel for the appellant contends, notwithstanding the judgment of the Court of Common Pleas, and the continued occupation thereunder by the defendants and their grantors, that the village of Mayville nevertheless has the right to maintain Erie street as a public highway to its full width of ninety-nine feet unobstructed to the water's edge. In this contention we cannot concur with counsel. Erie street was by the Holland Land Company opened and dedicated as a street in the year 1804. It was then, it is true, six rods wide. The public had received, through the dedication made by the Holland Land Company, no rights beyond a right of way to the waters of the lake. We know of no powers given to the village of Mayville to construct wharves and maintain them upon thes ewaters. The right of action underlying this suit seems to be based upon allegations, that the defendants threatened to erect and maintain in front of such street, within the limits of its lines, extended into the waters of the lake, structures and buildings, the erection of which, it is claimed, would prevent the plaintiff and the public from enjoying the frontage of Erie street upon the lake, and from using the same as an approach to or from the street, docks or wharves that may be hereafter erected thereon, whereby the plaintiff would be deprived of its vested riparian rights. But it is quite evident that the plaintiff has no riparian rights over the waters of Chautauqua lake. It is a municipal corporation, without ownership of any highways or streets except in trust for public use. Its charter is silent upon the subject of any riparian right, and our attention has not been called to any statute which would give it any power to erect, for its own purposes or for the purposes of the commerce of the lake, piers or wharves out into the lake for its own use to the exclusion of the public. It cannot be regarded as having any control over the navigable waters unless such power is expressly conferred by statute. If the defendants have made, or if they now threaten to make any structures into the lake so as to impede navigation, it

is not, in our judgment, the province of the village of Mayville to call such action in question; but the same is cognizable only by the proper action in behalf of the people of the State, as the State has succeeded to the original rights of the Holland Land Company (*Wetmore* v. *Brooklyn Gas-Light Co.*, 42 N. Y., 391.)

Furthermore, it appears that the occupation by the defendants and their grantors, which has been continuous since the year 1828, has been not of the whole of the foot of Erie street upon the lake, but of only forty feet thereof out of the total width of ninety-nine feet. There remains, therefore, to the village ample room for access to the lake, and it has not been deprived in any respect by the interference of the defendants with easy egress and ingress from the lake to the highway.

It is further claimed, by counsel for the appellant, that the order of the Court of Common Pleas above-mentioned was ineffective, because it did not affirmatively appear, outside of the recitals of the order, that Dexter & Tinkom owned lands adjacent to the waters of the lake where the wharf was permitted to be extended. But in our judgment a presumption arose that the court acted within its jurisdiction, for it was a court of record. Moreover, the statute does not require that the order as entered shall contain the proofs upon which it was founded. The direction is only that the order shall be entered upon the record of the clerk's office.

Under the facts proved, the occupation by the defendants and their grantors, since the year 1828, clearly establishes a prescriptive right under a claim of title based upon a decree of a competent court having jurisdiction in the premises specially bestowed by the statute above set forth. (Code Civil Pro., § 369.)

The title of the defendants and their grantors has been repeatedly recognized by the plaintiff. In the year 1869 condemnation proceedings were instituted by the plaintiff to extend Erie street over the lands in question; but, after a jury had been summoned for the assessment of damages and an appeal had been taken, the proceedings were subsequently abandoned and discontinued. Since the incorporation of the plaintiff it has caused the premises and property of the defendants and their grantors to be assessed, and has exacted and received taxes thereon from the defendants and their grantors.

Were it important or necessary to establish the fact, that the

plaintiff has ample access to the lake, it would be sufficient to point to the evidence and to the accompanying map, which show that it has control of Water street, which runs nearly at right angles to Erie street and along the shore of the lake, and that such street affords all adequate facilities needed by the plaintiff.

The judgment appealed from should be affirmed.

Dwight, P. J., and Lewis, J., concurred.

Judgment appealed from affirmed, with costs.