(25 Civ. Proc. R. 390; 16 Misc. Rep. 615.)

### PEOPLE v. LEVY.

(Court of General Sessions, New York County. April, 1896.)

1. CITY COURT OF NEW YORK—JURISDICTION — SUPPLEMENTARY PROCEEDINGS.
   Laws 1874, c. 545, § 7, which provides that supplementary proceedings on judgments recovered in the city court shall be had in said court in the same manner and with like effect as in other courts of record, and that all provisions of law relating to such proceedings shall apply to said city court as fully as they then applied to other courts of record, gives the city court jurisdiction to appoint a referee in supplementary proceedings according to the practice prescribed for other courts of record.

2. STATUTES—REPEAL.
   Laws 1880, c. 245, which took effect September 1, 1880, repealed parts of the Revised Statutes, the Code of Procedure, and certain Session Laws, the provisions of which had been incorporated in the new codification (Code of Civil Procedure). Among the repealed statutes was Laws 1874, c. 545, which provided that supplementary proceedings should be had in the city court of New York in the same manner as in other courts of record. On the same day that the act of 1880 took effect, chapter 17 of the Code of Civil Procedure went into operation. Title 12 of chapter 17 provides for supplementary proceedings, and declares that they may be instituted before a judge of the court out of which the execution was issued. *Held*, that the act of 1874 was virtually repealed by the Code of Civil Procedure, and that the repealing act of 1880 merely repealed it in terms.

3. SUPPLEMENTARY PROCEEDINGS — REFERENCE — POWER OF NEW YORK CITY COURT.
   Code Civ. Proc. § 3160, provides that sections 1013 and 1015 do not apply to an action or special proceeding in the city court of New York; section 1013 provides for the appointment of a referee in an action which requires the examination of a long account, or where the issues are triable by the court without a jury; and section 1015 provides for the appointment of a referee to take an account in an action after interlocutory or formal judgment, or to determine and report on a question of fact arising in any stage of the action, on a motion or otherwise. *Held*, that section 3160 does not prohibit the city court, or a judge thereof, from appointing a referee in supplementary proceedings, as sections 1013 and 1015 do not apply to supplementary proceedings.

Jacob Levy, who was indicted for introducing a forged and false book of accounts in evidence on an examination in supplementary proceedings, demurs to the indictment. Overruled.

John R. Fellows, Dist. Atty., for the People.
Blumenstiel & Hirsch, for defendant.

GOFF, R. Section 107 of the Penal Code provides that a person who authorizes or procures a book, or other instrument in writing, knowing the same to have been forged or fraudulently altered, to be offered in evidence upon any trial, hearing, inquiry, investigation, or other proceeding authorized by law, is guilty of a felony. Section 109 provides that a person who makes or prepares any false record, or instrument in writing, with intent to produce it in evidence upon any trial, hearing, investigation, inquiry, or other proceeding authorized by law, is guilty of a felony. Under these sections an indictment was found against the defendant, charging that a judgment was recovered against him in the city court of New York, and an execution issued thereon; that a judge of said court issued an order in supplementary proceedings, requiring him to appear before a referee therein named; that he appeared before the referee; and that on the hearing he offered in evidence a forged and false book of accounts, which he had made and prepared with intent to produce it in evidence. The defendant demurs to the indictment on the ground that the facts set forth do not constitute a crime.

The first and principal contention of the defendant is that the city court, or judge thereof, did not have power to appoint a referee in supplementary proceedings, and that, consequently, the hearing or proceedings before the referee, in which the forged book of accounts was offered in evidence, was not authorized by law. By his demurrer the defendant refers it to the court to pronounce whether, admitting the matters of fact alleged against him to be true, they do, in point of law, constitute him guilty of the crime charged. The statute is the only authority for the prosecution, and the indictment must sufficiently charge the defendant with acts which clearly bring him within all the material words of the statute. It is essential that the acts charged against the defendant to be criminal must have been committed in a proceeding authorized by law. Supplementary proceedings, and the power to appoint a referee therein, are statutory creations. Sackett v. Newton, 10 How. Prac. 561. The city court, and all its powers, are also statutory creations. Therefore, if a judge of the city court had not authority given him by statute to appoint a referee in supplementary proceedings, the hearing before such referee was not a proceeding authorized by law. The city court had its origin in a court created by the Laws of 1807, known as the "Justices' Court in the City of New York." In 1813 it was made a court of record, for limited purposes, under the title of the "Justices' Court in and for the City and County of New York." In 1819 its name was changed to the "Marine Court of the City of New York." In 1883 it was changed to the "City Court of New York." Prior to the acts hereinafter cited, all proceedings supplementary

to execution issuing out of the marine court had to be taken in the court of common pleas. Chapter 629 of the Laws of 1872 declared the marine court to be a court of record, and provided that all actions, proceedings, and remedies should be had before the court in the same manner of pleading and procedure as they were had in other courts of record. Chapter 545, § 7, of the Laws of 1874, provided that proceedings supplementary to execution, on judgments recovered in the marine court, should be had in said court in the same manner, and with like effect, as in other courts of record, and that all provisions of law relating to such proceedings should apply to said marine court as fully as they then applied to other courts of record. The provisions of law relating to supplementary proceedings then in force, and applicable to other courts of record, were section 292 of the Code of Procedure, which provided that a judgment creditor was entitled to an order "requiring such judgment debtor to appear and answer concerning his property before such judge, at a time and place specified in the order," and section 300, which provided that "the judge may, in his discretion, order a reference to a referee agreed upon by the parties, or appointed by him, to report the evidence or the facts, and may, in his discretion, appoint such referee in the first order, or at any time." The acts of 1872 and 1874 were unequivocal declarations of the legislative intent to conform the pleadings and procedure in all actions, proceedings, and remedies in the marine court to that of other courts of record, and to confer upon it the same power in supplementary proceedings,—which are remedies,—including the appointment of a referee, as was at that time possessed by the other courts of record. Holbrook v. Orgler, 49 How. Prac. 289. Jurisdiction of a subject-matter, having once been conferred upon a court of record, must be presumed to continue until the contrary appears by the express repeal of the statute conferring jurisdiction. A court of record is presumed to act within its jurisdiction. Village of Mayville v. Wilcox, 61 Hun, 223, 16 N. Y. Supp. 15. And repeal by implication is not favored by law, and is never allowed, except in cases where inconsistency and repugnancy are plain and unavoidable. People v. Deming, 1 Hilt. 271; Wallace v. Bassett, 41 Barb. 92

It is contended by the learned counsel for the defendant that this act of 1874 was expressly repealed by subdivision 50 of section 1, c. 245, of the Laws of 1880, and that in consequence the city court was relegated to its condition before the act of 1874,—without the power to appoint a referee in supplementary proceedings. If the act of 1874 was repealed by the act of 1880, and no law corresponding in terms substituted in its stead, the contention is correct. The repealing act of 1880 was not specially and exclusively directed to the repeal of the act of 1874. It was general in its character, repealing parts of the Revised Statutes, the Code of Procedure, and certain session laws. Its manifest purpose and intent were to prevent inconsistency or conflict, by removing from the statute books laws which were rendered superfluous or obsolete by being incorporated or codified in the new revision of the statutes. A clear indication of this is found in the fact that the repealing act of 1880 took effect

on the 1st day of September, 1880, and on that same day chapter 17 of the Code, relating to supplementary proceedings, went into effect. The Code of Civil Procedure constitutes a portion of the new revision of the statutes (section 3344). Its first 13 chapters went into effect on the 1st day of September, 1877. At that time the marine (city) court was a court of record, and had power, under the Laws of 1874, to appoint a referee in supplementary proceedings. Section 2 of the Code enumerates the marine (city) court as a court of record. Section 4 declares that "each of those [enumerated] courts shall continue to exercise the jurisdiction and powers now vested in it by law, according to the course and practice of the court, except as otherwise prescribed in this act." Title 12, c. 17, provides for and regulates supplementary proceedings. They are declared to be remedies (section 2432) and special proceedings (section 2433). They may be instituted before a judge of the court out of which the execution was issued (section 2434), and an order may be made requiring the person to be examined to appear before the judge, or a designated referee (section 2442). This title is a codification of all the provisions of law then existing relating to supplementary proceedings, and applicable to the courts of record in general. The city court was a court of record. The powers and jurisdiction then vested in it by law were preserved and continued. One of those vested powers was the right to appoint a referee in supplementary proceedings under the act of 1874 and section 300 of the Code of Procedure. Therefore it inevitably follows that this vested power was perpetuated and included in section 2442 of the Code of Civil Procedure. Howe v. Welch, 11 Civ. Proc. R. 444. The Code is a revision of the statutes. It is a system designed to embrace and harmonize the laws relative to the powers and attributes of, and the practice and proceedings in, the courts of the state. Subsequent legislation covering the whole subject of former legislation, and plainly intended to furnish the only law upon the subject, is treated as a substitute for the earlier legislation. Heckman v. Pinkney, 81 N. Y. 211. When a revising statute covers the whole subject-matter of antecedent statutes plainly by legislative intent, it is to be deemed to contain the entire law on the subject, and virtually repeals the former enactments. In re New York Institution for Instruction of Deaf & Dumb, 121 N. Y. 234, 24 N. E. 378. The Code of Civil Procedure, perpetuating and incorporating in its provisions the power of a judge of the city court to appoint a referee, as derived from the act of 1874, became the only law upon the subject; and the repealing act of 1880 simply repealed in terms the act which was virtually repealed by the Code, and it in no wise affected the jurisdiction of a judge of the court.

But the learned counsel for the defendant further contends that section 3160 of the Code expressly prohibited the city court, or a judge thereof, from appointing a referee in supplementary proceedings. This section provides that sections 438, 603, 611 to 619, inclusive, 636, 827, 1013, and 1015, do not apply to an action or special proceeding in the marine (city) court, or to any proceeding therein. The last two sections are the ones relied upon, and, in

order to arrive at the true meaning of the exclusions contained in section 3160, as they affect the marine (city) court, it is necessary to examine them.    Section 438 relates to publication of summons, and is made inapplicable, because that whole subject is provided for, with respect to this court, in section 3170.    Sections 603 and 611 to 619, inclusive, relate to the granting of injunctions in actions at equity, and they are made inapplicable because the court did not, nor never did, have equitable jurisdiction.    Section 636 relates to the warrant of attachment, but this is specially regulated, as affecting this court, by section 3160.    Section 827 has no application to the inquiry, and sections 1013 and 1015 relate to compulsory references.    The only cases in which this court was permitted to appoint a referee was under chapter 629 of the Laws of 1872, on consent of the parties to the action, which is preserved to the court by section 1011, and under chapter 479 of the Laws of 1875, of its own motion, without the consent of the parties, to determine a question of fact arising on a motion, which is also preserved to the court by section 3172.    So that the exclusions may be divided into two classes,—those relating to subjects of which the court never had jurisdiction, and those relating to subjects of which the court had jurisdiction.    But which were provided for by other sections of the Code, adapted to its peculiar practice.    The Code did not detract in any particular from the power of the court to appoint a referee in any case where the power had previously existed, but it extended the power in the cases specified in sections 885, 1215, in harmony with the tendency of legislation, which has always been to increase, and not to diminish, the jurisdiction of this court.    Section 1013 provides for the appointment of a referee in an action which requires the examination of a long account, or where the issues are triable by the court without a jury.    Section 1015 provides for the appointment of a referee to take an account in an action, after interlocutory or final judgment, or to determine and report upon a question of fact arising, in any stage of the action, upon a motion or otherwise. A referee in supplementary proceedings is not appointed to examine an account, or to try the issues in an action, or to take an account after judgment, or to determine a question of fact in the action. Neither of these sections applies to supplementary proceedings, and when the phrase "special proceedings" is used in section 3160, it cannot be taken to mean supplementary proceedings, but a special proceeding which presents some of the features to which the provisions of those sections are applicable.    That it was not the intention of the legislature by one part of an act to confer authority to appoint a referee, and by another part of the same act to take it away, is evidenced by the note of the revisers to chapter 20 (containing section 3160), wherein they state that the enactments of chapter 545 of the Laws of 1874 were revised in that title, and that the subjects for supplementary proceedings were separately treated in chapter 17 of the act.    Where one section of a statute refers to another section of the same statute for inhibition of power, recourse must be had to the latter section to ascertain the precise limits and subjects of the inhibition.    Neither the limits nor subjects of the

inhibition contained in sections 1013, 1015, interfere or conflict with the power conferred by section 2442 upon a judge of the city court to appoint a referee in supplementary proceedings. I am, therefore, of opinion that the hearing before the referee was a proceeding authorized by law. The other questions raised by the demurrer are properly matters of defense.

Demurrer disallowed, and defendant directed to plead to the indictment.