[Civ. No. 47548, Second Dist., Div. Five. Aug. 19, 1976.]

MARINA VILLAGE, Plaintiff and Appellant; v.
CALIFORNIA COASTAL ZONE CONSERVATION COMMISSION
et al., Defendants and Appellants.

COUNSEL

Cox, Castle, Nicholson & Weekes and Lawrence Teplin for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, and David R. Goldman, Deputy Attorney General, for Defendants and Appellants.

OPINION

ASHBY, J.—This is an appeal by the California Coastal Zone Conservation Commission (Commission) from the granting of a peremptory writ of mandate ordering Commission to set aside its decision denying the Marina Village (Marina) an exemption from the permit provisions of the Coastal Act and to reinstate the decision of the South Coast Regional Commission (Regional Commission) granting an exemption for Marina's development.[1]

On May 11, 1973, Marina filed with Regional Commission an application for exemption from permit provisions for construction, including a 600-unit condominium on lot 1 of tract 26853 and an industrial park and 461 condominium units on tract 25635. Both tracts are located in the Marina del Rey area of the City of Los Angeles. The hearing on the application was held on June 11 and the application was granted. Thereafter two notices of appeal were filed; one on June 22, 1973, and the other on June 28, 1973.

A hearing was held by Commission on August 1, 1973.[2] Commission approved Marina's application for exemption of tract 26853 and denied its claim for exemption for the construction of structures on tract 25635. Approximately one month later, on September 5, Commission further

---

[1]Marina has filed a cross-appeal, the purpose of which is set forth as follows: ". . . This cross-appeal is filed solely for the purpose of preserving petitioner's [Marina] rights to have such matters heard on remand should the Appellate Court reverse the Judgment inasmuch as no issues, except the issue of jurisdiction, were determined by the lower court. . . ."

Marina, of course, had no right to appeal since it was not aggrieved. Therefore the cross-appeal must be dismissed.

[2]Marina did not challenge Commission's jurisdiction to hear the appeals nor object to the timeliness of their filing.

approved Marina's application for exemption as to all site improvements on tract 25635 for which permits had been obtained prior to November 8, 1972, but denied the balance of the exemption request.

On September 27, 1973, Marina filed an action in superior court to prevent Commission from applying the permit provisions of the California Coastal Zone Conservation Act of 1972 (Coastal Act) to the construction planned on the property included in tract 25635. A hearing was held on May 5, 1975, and on June 5, 1975, the court issued a peremptory writ ordering Commission to set aside its decision denying Marina's application for exemption and to reinstate the decision of the Regional Commission granting an exemption to Marina on both tracts 26853 and 25635 on the ground that Commission had no jurisdiction to hear the appeals from the decision of the Regional Commission because the notices of appeal were not filed within 10 days after the decision.

██ The sole issue presented by this appeal is whether the time period prescribed by section 13810 of the California Administrative Code, title 14, for appeals from the granting of an exemption by a regional commission is 10 calendar days or 10 working days.

## DISCUSSION

The Coastal Act was enacted by initiative measure. The basic purpose of the act was to prepare an enforceable plan for development of an area designated as the Coastal Zone. After February 1, 1973, any person wishing to perform any development within the permit area is required to obtain a permit from the Regional Commission. (§ 27400.)[3] However, if, prior to November 8, 1972, any city or county has issued a building permit, the permittee has the vested right to proceed and is exempt from the permit requirement of the act. (§ 27404.) The Commission is empowered under section 27240, subdivision (d), to adopt reasonable and necessary regulations to carry out the provisions of the act. This authorization includes regulations concerning exemptions. (*State of California* v. *Superior Court,* 12 Cal.3d 237, 248 [115 Cal.Rptr. 497, 524 P.2d 1281].) Section 27420, subdivision (c), provides that an action by the Regional Commission concerning a permit shall become final after 10 *working* days.

---

[3]Unless otherwise indicated, all section references are to the Public Resources Code.

Under the authority of section 27240, subdivision (d), the Commission adopted various regulations pertaining to appeals from the determinations of the Regional Commission. California Administrative Code section 13700 provided: " . . . any person aggrieved by approval of a permit by a Regional Commission may appeal to the Commission. Such appeal shall be filed within ten (10) days following the final action on the application by a regional commission. . . ."[4] Administrative Code section 13810 applied to exemptions and provided: "Any person aggrieved by the determination of a Regional Commission on a claim of exemption shall have the right to appeal to the Commission within ten (10) days following the Regional Commission determination. . . ."

It is evident that the literal wording of these regulations is not consistent with section 27420, subdivision (c). In regard to the appeal from actions involving a *permit,* the Commission has no authority to enact an inconsistent regulation. Although appeals from actions involving *exemptions* are not required to be consistent with section 27420, subdivision (c), there is no evidence that the Commission intended different time periods for the two categories of appeals. Thus, if it was the intent of the Commission that the appeal period relating to permits be 10 days rather than 10 working days, then that regulation would not be valid. However, in a public hearing on May 16, 1973, the Commission clarified its intent by adopting a resolution that *all appeals* must be filed within 10 *working* days.[5]

Commission argues that its interpretation of Administrative Code section 13810 as meaning 10 working days is reasonable. We agree.

" '[T]he primary rule of statutory construction, to which every other rule as to interpretation of particular terms must yield, is that the intention of the legislature must be ascertained if possible, and, when once ascertained, will be given effect, even though it may not be consistent with the strict letter of the statute. In other words, as is declared by the code, "in the construction of a statute the intention of the

[4]California Administrative Register 73, No. 11-B (Mar. 17, 1973).

[5]As recorded in the official minutes of the state Commission's public hearing on May 16, 1973: "a. *Appeal Period.* Mr. Bodovitz said one item in the regulations needs to be clarified that all appeals must be filed within 10 *working* days. The Act provides 10 working days, but a section in the Regulations says simply '10 days'. *MOTION:* Commissioner Farr moved that it be clarified that this means 10 *working* days, seconded by Commissioner Mendelsohn, and unanimously approved." (Italics in original.)

legislature . . . is to be pursued if possible." [Code Civ. Proc., § 1859.] Certainly the language of a statute should never be so construed as to nullify the will of the legislature, or to cause the law to conflict with the apparent purpose had in view by the lawmakers.' " (*Dickey* v. *Raisin Proration Zone No. 1,* 24 Cal.2d 796, 802 [151 P.2d 505, 157 A.L.R. 324].)

When Commission became aware that section 27420, subdivision (c), required the appeal period to be 10 working days, and that the regulation appeared to be in conflict, it formally announced the clarification that the term "10 days" as used in the regulations meant that all appeals had to be filed within 10 working days. There is no evidence that Commission intended to provide for a different appeal period for permits from that for exemptions, nor is there a logical reason for having different time requirements. It is clear that at the time Administrative Code sections 13810 and 13700 were enacted, the Commission intended to treat the two matters the same. Marina's argument that different time requirements would not be inconsistent is unpersuasive. The Commission adopted its regulations and great weight must be given to its interpretation of them. (*REA Enterprises* v. *California Coastal Zone Conservation Com.,* 52 Cal.App.3d 596, 611 [125 Cal.Rptr. 201].) The legislative intent is clear.

■ Marina's argument, in essence, is that it is entitled to proceed on the normal meaning of the literal language of the appeal provisions. Ordinarily this is true, but the literal language of a code provision must yield to the legislative intent underlying its adoption. This rule was stated as follows by the Supreme Court in *Friends of Mammoth* v. *Board of Supervisors,* 8 Cal.3d 247, at page 259 [104 Cal.Rptr. 761, 502 P.2d 1049]: ". . . Once a particular legislative intent has been ascertained, it must be given effect ' "even though it may not be consistent with the strict letter of the statute." ' [Citation.] As we stated nearly a half century ago in *In re Haines* (1925) 195 Cal. 605, 613 [234 P. 883]: ' "The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute; . . ." ' " (8 Cal.3d at p. 259.)

■ Section 27240, subdivision (d), provides that no regulations may be adopted without a public hearing. Marina argues that the resolution adopted by Commission on May 16, 1973, stating its intent that all appeals be filed within 10 working days was an amendment to Administrative Code sections 13810 and 13700 and thus required a public hearing to be effective. The record does not support Marina's

394

view. The resolution was expressly intended to be a clarification of intent, not a change. In December 1974, however, both Administrative Code sections 13810 and 13700 were amended to specifically state 10 working days rather than 10 days.[6] Marina contends that the amendment indicates an intent to change or alter the regulation. This ordinarily is the presumption when an amendment is made to a statute or regulation. However, here, the legislative intent that 10 working days be the time period was both express and acted upon by the Commission substantially prior to the amendment to the regulations which made them conform to the express legislative intent. (*Union League Club* v. *Johnson,* 18 Cal.2d 275, 278-279 [115 P.2d 425]; *Martin* v. *California Mut. B. & L. Assn.,* 18 Cal.2d 478, 484 [116 P.2d 71]; *In re Marriage of Paddock,* 18 Cal.App.3d 355, 360 [95 Cal.Rptr. 652]; *Stockton Sav. & Loan Bank* v. *Massanet,* 18 Cal.2d 200, 204 [114 P.2d 592].)

The cross-appeal of Marina is dismissed. The judgment is reversed and the cause is remanded to the trial court for further proceedings.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied September 8, 1976, and the petition of the plaintiff and appellant for a hearing by the Supreme Court was denied October 14, 1976.

---

[6]These sections of the Administrative Code are now numbered 13900, appeal on permit matters; and 13902, appeals on claims of exemption.