[Crim. No. 30122. Second Dist., Div. Two. July 28, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES INGRAHAM CLARK, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Donald J. Kaplan, and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Gordon H. Rubin for Defendant and Respondent.

## OPINION

**BEACH, J.**—The People appeal from the order setting aside an information charging respondent with one count of preparing a false and antedated paper for a fraudulent purpose with the intent to produce it or allow it to be produced as genuine in a trial, proceeding, or inquiry authorized by law. (Pen. Code, § 134.)

## FACTS:[1]

Respondent Clark was accused of preparing a false document that was introduced by his representative as evidence at a grievance committee hearing at the university. Respondent filed a grievance because he was not hired for a teaching position in the summer of 1976. He later filed an amended grievance requesting the salary that he missed by not being hired. The document he falsely produced was a letter to support his contention that he had asked for summer employment.

A committee was convened to hear respondent's grievance pursuant to section 24315 of the Education Code and Executive Order 240 of the university.[2] After respondent's representative presented a document purporting to be a request for summer employment, respondent was questioned by members of the committee concerning the authenticity of the document. At first he denied the allegations; but the next day respondent admitted that he had copied a similar document, blacked out the signature, and signed his name to it.

The issue presented is a narrow one: Is Penal Code section 134 applicable in a grievance procedure hearing convened pursuant to section 24315 of the Education Code and Executive Order 240 of the

---

[1]The facts of the case as stated by appellant are not disputed by respondent for purposes of this appeal.

[2]Section 24315 of the Education Code provides for a faculty hearing committee that makes a recommendation to the president of the state university or college. This section provides for representation for each side by a faculty advisor or counsel of their choice. Dr. Clark was represented by a faculty advisor. The hearing was tape recorded. No oath was taken nor need be taken pursuant to this code section or Executive Order 240 of the university.

The grievance committee makes its determination on whether the correct procedure for hiring was used. The president of the university is bound to follow the order unless there are compelling reasons he should not. In such case, where he does not agree with the grievance committee, the matter is brought before an arbitrator whose decision is binding. (Ed. Code, § 24315, subd. (d).)

university? More specifically, is such a grievance procedure a "proceeding or inquiry authorized by law," and thus covered by section 134 of the Penal Code? The trial court found Penal Code section 134 does not apply to this kind of administrative grievance committee review.

CONTENTIONS ON APPEAL:

Appellant's contention is that the grievance committee proceeding is a proceeding authorized by law under section 134 of the Penal Code because such procedure is authorized by statute.

Respondent contends that although Penal Code section 134 on its face might appear to include administrative proceedings, the cases decided thereunder involve only proceedings occurring in a court of law. Respondent further contends that the legislative history shows that section 134 was not intended to cover administrative proceedings.

DISCUSSION:

■ Penal Code section 134 provides: "Every person guilty of preparing any false or ante-dated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of felony."

■ Statutes should be interpreted to give effect to the words themselves. The court should determine the effect of words used in light of the usual, ordinary import of the language employed. (*Moyer* v. *Workmen's Comp. Appeals Bd.*, 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

■ In the instant case the language of Penal Code section 134 clearly covers administrative proceedings instituted pursuant to section 24315 of the Education Code. Section 134 of the Penal Code applies to matters intended to be produced at "any trial, proceeding, or inquiry whatever, authorized by law." The Legislature in addition to providing that this section apply to full-scale trials, provides a penalty for falsely produced material at other proceedings or inquiries "authorized by law," which plainly need not be full-scale trials. (*United States* v. *Bekins*, 304

U.S. 27, 47 [82 L.Ed: 1137, 1141, 58 S.Ct. 811].[3]) The instant grievance board hearing is both a proceeding authorized by law, Education Code section 24315, and an inquiry pursuant to that code section.

In one situation a New York statute similar to Penal Code section 134[4] was applied as a penalty against falsely produced evidence used at a hearing presided over by a court-appointed referee. The court held that because the court had the authority to appoint such a referee, the proceeding was one "authorized by law." (*People* v. *Levy* (1896) 16 Misc. 615, 616 [40 N.Y.S. 743, 744].) Under the above case, "authorized by law" is broadly construed to include acts by a legal official acting within the scope of his authority.

■ This statute must also be construed to effectuate the purpose of the law. (*Moyer, supra,* 10 Cal.3d 222; *Select Base Materials* v. *Board of Equal.,* 51 Cal.2d 640, 645 [335 P.2d 672].) Interpretation of the Penal Code section shows that its objective is to prevent the fraudulent introduction of material in a proceeding under the authority of law. To apply the Penal Code section to inquiry proceedings is necessitated by the purpose of discouraging introduction of this material.

■ Respondent states that Penal Code section 134 has only been used in proceedings before a fully convened court of law. (*People* v. *McKenna,* 11 Cal.2d 327 [79 P.2d 1065]; *People* v. *Housman,* 44 Cal.App.2d 619 [112 P.2d 944]; *People* v. *Horowitz,* 70 Cal.App.2d 675 [161 P.2d 833]; *People* v. *Geibel,* 93 Cal.App.2d 147 [208 P.2d 743].) However, respondent has not cited any authority proscribing application of section 134 to other proceedings. The fact that section 134 has not been invoked outside the courtroom is not authority against permitting such use.

---

[3]In *Bekins* the Supreme Court interpreted the phrase "authorized by law" in the context of a bankruptcy statute to refer to the law of the state. In other cases, "authorized by law" has been interpreted to include a Department of Labor proceeding authorized by statute to make findings on the amount of severance pay and overtime in the context of absolute privilege for what is said therein (*Garcia* v. *Hilton Hotels International* (D. Puerto Rico) 97 F.Supp. 5, 10 and a notary public's duties in administering oaths. (*Patterson* v. *United States,* 202 F. 208, 210.)

[4]The similar code section is former New York Penal Code section 811, brought to the court's attention by respondent. Section 811 provided: "A person who fraudulently makes or prepares any false record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced in evidence, or on a motion as genuine, upon any trial, hearing, investigation, inquiry, or other proceeding, *authorized by law,* is guilty of a felony." (Italics added.) (Consol. Laws of New York Annot. 1938, § 215.40 eff. Sept. 1, 1967, is derived from former §§ 810 & 811.)

Respondent further states that the fact that section 134 does not include such hearings can be supported through reference to New York Penal Code section 109 upon which section 134 is based (Deering's Ann. Pen. Code (1931 ed.) § 134). The New York statute was amended in 1965 substituting the terms "official proceeding" for "authorized by law." Although ordinarily such a change presumes an intent to alter a regulation (*People* v. *Weitzel,* 201 Cal. 116 [255 P. 792, 52 A.L.R. 811]; *Jordon* v. *Consolidating Mut. Ins. Co.,* 59 Cal.App.3d 26 [130 Cal.Rptr. 446]), such change may also be evidence of an intent to clarify an existing regulation. (*Union League Club* v. *Johnson,* 18 Cal.2d 275 [115 P.2d 425]; *Martin* v. *California Mut. B. & L. Assn.,* 18 Cal.2d 478 [116 P.2d 71]; *Marina Village* v. *California Coastal Zone Conservation Com.,* 61 Cal.App.3d 388 [132 Cal.Rptr. 120].) In this case, the change of wording by New York is not persuasive argument concerning the intention of the California Legislature. The wording of the California statute itself is controlling.

Respondent brings to the attention of the court the state policy to construe criminal statutes in favor of the defendant in cases of doubt as to the true interpretation of words. (*Keeler* v. *Superior Court,* 2 Cal.3d 619 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; *Barrows* v. *Municipal Court,* 1 Cal.3d 821 [83 Cal.Rptr. 819, 464 P.2d 483]; *Walsh* v. *Dept. Alcoholic Bev. Control,* 59 Cal.2d 757 [31 Cal.Rptr. 297, 382 P.2d 337].) The case at bench, however, is not one where the meaning of the statute is ambiguous. Rather, the plain import of the terms "authorized by law" is to include proceedings and inquiries held pursuant to legislative authority, here Education Code section 24315.

The trial court's order setting aside the information is reversed.

Fleming, Acting P. J., and Compton, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 22, 1977.