[Crim. No. 4149. In Bank.—May 27, 1938.]

THE PEOPLE, Respondent, v. CATHERINE A. Mc-
KENNA, Appellant.

Catherine A. McKenna, *in pro. per.*, and Charles Ostrom for Appellant.

U. S. Webb, Attorney-General, John O. Palstine, Deputy Attorney-General, for Respondent.

EDMONDS, J.—The defendant has appealed from a judgment of conviction upon each of seven counts of an indictment, and from an order denying a new trial. By the first count of the indictment the defendant was charged with perjury; in the next two it is alleged that she offered false evidence in violation of the provisions of section 132 of the Penal Code; by two other counts she was charged with preparing false evidence in violation of the provisions of section 134 of the Penal Code; and in the last two counts it is alleged that the defendant committed forgery.

In 1915 George W. Pierson and his wife executed and delivered two notes payable to Edward Russek, each secured by a mortgage on real estate in which he was named as mortgagee. Later the defendant, who is an attorney at law, acquired the property described in these mortgages, and the notes and mortgages, passed to Louie S. Dexter. Thereafter a foreclosure action was commenced by Mrs. Dexter. In this action a decree of foreclosure was rendered in favor of H. B.

Busing, as administrator of Mrs. Dexter's estate, she having died while the litigation was pending. This decree was affirmed upon appeal. (*Busing* v. *Pierson,* 1 Cal. (2d) 495 [36 Pac. (2d) 116].)

Some time later and before the property had been sold under the decree of foreclosure, the defendant conveyed it to W. P. Nichols, her daughter, and commenced two actions, one to enjoin the sale of the real property and the other to quiet title. In each of these cases the daughter was named as plaintiff. When they came on for trial, they were consolidated and Mrs. McKenna on behalf of the plaintiff offered two written documents in evidence, each of which was received and marked as an exhibit. The charges upon which the defendant has been convicted are based upon them.

One of the exhibits is a letter to the defendant dated July 16, 1936, written by Stephen B. Dexter, who was the husband of Louie S. Dexter, and acknowledged before a notary public. It reads as follows:

"Dear Mrs. McKenna:

"In keeping with the proposition made to you on yesterday touching upon certain quitclaim deeds to be issued to you covering the certain properties contained in two mortgages for $800 each, given a number of years ago by one George Pierson, said properties being located in the Ela View Tract, this City and County, I am enclosing said deeds, *which are intended to and do convey all interest in and to said mortgages and notes, to grantee.*

"In further keeping with our understanding on this matter, I have notified the Administrator of the Estate of Louie S. Dexter, deceased, of my course of action in this matter, as above stated, and have stated to him that any and all equity that Louie S. Dexter might have in this property as evidenced by that certain suit of Louie S. Dexter vs. George M. Pierson, et al., #200705, Superior Court, Los Angeles, California, should be identified and considered by him as having been passed over to yourself, *as all of Louie S. Dexter's interest was passed to Golden State Holding Co. prior to her death.* This statement is given under Notary Seal at your request.

"Very truly yours,

" (Signed) STEPHEN B. DEXTER

"STEPHEN B. DEXTER."

Another document offered in evidence by the defendant is a photostatic copy of a purported "Assignment of Mortgage"

signed by Louie S. Dexter. This instrument recites that "I, Louie S. Dexter, do by these presents grant, bargain, sell and assign, transfer and set over unto the Golden State Holding Company those two certain Indentures of Mortgages", executed by George M. Pierson and wife to Edward Russek. A certificate signed "Elliott H. Barrett", Notary Public, states that Louie S. Dexter acknowledged to him that she executed this assignment. The contention of the prosecution is that the defendant inserted the italicized words in the letter after it was received by her from Mr. Dexter and that she made the photostat, or had it made under her direction, by photographing parts of several writings and signatures affixed to them.

After the cases were submitted for decision, they were reopened for further evidence. The defendant then testified that the letter offered and received in evidence was in the same form as when she received it from Mr. Dexter and that she had obtained the "Assignment of Mortgage" from the corporate records of Golden State Holding Company.

The defendant advances a number of points which she relies upon for reversal. First, she contends that her demurrer to counts VI and VII, which charged her with forgery, should have been sustained since neither of the documents offered and received in evidence could be the subject of forgery within the meaning of section 470 of the Penal Code. Next, she claims that the evidence is insufficient to sustain the verdicts. Another contention is that neither of the documents were material to any issue in the cases in which they were offered and received in evidence. Other claims of error relied upon concern the admission or rejection of evidence and the refusal of the trial court to give certain instructions offered by the defendant. She also asserts that the district attorney was guilty of misconduct when, during the trial of the case, he released to the press information that the files in the courtroom where defendant was being tried had been rifled.

▆▆▆ The crime of forgery consists either in the false making or alteration of a document without authority or the uttering (making use) of such a document with the intent to defraud. (Sec. 470, Pen. Code.) Whether the forged instrument is one of a particular name or character or, if genuine, would create legal liability, is immaterial; the test is whether upon its face it will have the effect of defrauding one who acts upon it as genuine. (*People* v. *Gayle,* 202 Cal.

159 [259 Pac. 750]; *People* v. *Thorn,* 138 Cal. App. 714 [33 Pac. (2d) 5]; *People* v. *Munroe,* 100 Cal. 664 [35 Pac. 326, 38 Am. St. Rep. 323, 24 L. R. A. 33].) A deed which conveys no title may be the subject of forgery. (*People* v. *Baender,* 68 Cal. App. 49 [228 Pac. 536].)

■ Measured by these rules each instrument is one which could be the basis for a charge of forgery. The ''Assignment of Mortgage'' purports to transfer notes and mortgages, the subject of dispute in the consolidated cases, from Louie S. Dexter to Golden State Holding Company. This transfer was a necessary link in the chain of title sought to be proved by W. P. Nichols. The letter might, and possibly did, pass as a binding declaration against interest in the consolidated cases. The making of the alterations and the introduction of the letter in evidence clearly show that the person doing these things intended to defraud another. Whether the letter could have had any actual legal effect is immaterial. The demurrers to counts VI and VII charging the defendant with forgery of these two instruments were properly overruled.

■ Upon the merits there is substantial evidence to support the verdicts. On behalf of the People, Mr. Dexter, the writer of the letter, testified that as signed by him it did not include the portions which the indictment charges the defendant with adding. As the president and manager of Golden State Holding Company, he testified that the records of the corporation did not include the ''Assignment of Mortgage'' which the defendant claimed was copied from its minute book. An expert examiner of questioned documents testified that the alleged additions to the letter were written upon the same typewriter as that used in writing a pleading which had been signed by the defendant and filed in the quiet title action. He also presented photographs which he said positively show that the photostatic copy of the claimed ''Assignment of Mortgage'' had been produced by photographing several different writings which were made on the same typewriter as that used for the pleading. As against this evidence there is the testimony of Mrs. McKenna denying the charges against her. The jury decided the issue raised by this direct conflict in the evidence adversely to the defendant and this court is bound by its verdict.

■ Defendant's argument that the altered and fabricated documents were not material to any of the issues in the consolidated cases goes only to those counts charging her with

preparing and offering false evidence. However, an analysis of the pleadings in those cases clearly shows that the two documents were material. In prosecuting the actions brought in the name of her daughter it was the contention of Mrs. McKenna that in 1927, after the filing of the foreclosure suit, Louie S. Dexter had transferred the notes and mortgages to Golden State Holding Company, a corporation, which subsequently conveyed its interest in the property by quitclaim deeds to W. P. Nichols. It was alleged in one of the complaints "that subsequent to the filing of" the foreclosure suit by Louie S. Dexter, "this plaintiff acquired all of the interest and title of the said Louie S. Dexter, in and to the said lands described in said action, and in and to the two said certain notes and mortgages and notes therein described by deeds of conveyances duly recorded . . . , and that the said Louie S. Dexter duly assigned, transferred and conveyed, and this plaintiff has by such conveyances become the owner and entitled to all of the right, title, or interest of said Louie S. Dexter in and to the said notes and mortgages described in the said complaint by conveyances duly made prior to the death of said Louie S. Dexter, and that this defendant H. B. Busing, as administrator of the estate of said Louie S. Dexter, deceased, has no right, title or claim in or to the said notes or mortgages . . . "

The answer of the defendant Busing specifically challenged these allegations. He denied that subsequent to the filing of the foreclosure suit, "the plaintiff, W. P. Nichols, acquired all the interest and title of the said Louie S. Dexter in and to the lands described in said action and . . . that she acquired any or all interest in two certain notes and mortgages described in said action No. 200705; and they [Busing and another defendant] further allege that whatever deeds are referred to in the complaint on page 1 thereof, were obtained, as these defendants are informed and believe, from divers persons; that the deeds do not describe nor purport to be an assignment of said notes and mortgages, but purport to be quitclaims as to the real estate covered by said mortgages, and were not assignments of said notes and mortgages, and that the said W. P. Nichols acquired no interest in said notes and mortgages by virtue of said deeds". It is apparent from these pleadings that the main point in issue was whether Louie S. Dexter had transferred the notes and mortgages to the Golden State Holding Company. The "Assignment of Mortgage"

supported the plaintiff's claim to title and was material evidence upon that issue. Akin to this question is appellant's further claim that by the additions to the letter, the effect of the instrument was not changed in any material way. It is clear that the effect of the letter with the statements concerning transfer of title to the notes and mortgages is much different than it is without those statements. The charge of preparing and offering false evidence in this particular was, therefore, fully sustained, and no error was committed in instructing the jury that the alterations were material.

■ Also, the ownership of the notes and mortgages is of no consequence so far as the defendant's responsibility for her acts is concerned. Title to these instruments was the question in controversy in the consolidated cases. The jury by its verdicts impliedly found that the defendant manufactured the "Assignment of Mortgage". The instrument was offered in evidence as a basis for the determination of property rights. Conceding that there may have been other evidence that W. P. Nichols owned the notes and mortgages, this fact would not excuse the preparation and offering of forged instruments tending to prove the same title.

■ The defendant also urges that the trial court erroneously excluded a photograph which she offered in evidence, and which it was claimed would show that one of the People's exhibits was not a correct representation. The exhibit was received in evidence upon proof that it had been made in a certain way. However, the undisputed testimony in connection with the defendant's exemplar established that the paper used in making it was not the same as that used in making the picture introduced in evidence by the district attorney. To be admissible in evidence it must be shown that an exemplar was made under the same conditions as the one which it seeks to disprove. (*Sonoma County* v. *Stofen,* 125 Cal. 32 [57 Pac. 681]; *People* v. *Halbert,* 78 Cal. App. 598 [248 Pac. 969]; *Western Soil Bacteria Co.* v. *O'Brien,* 49 Cal. App. 707 [194 Pac. 72].)

■ Complaint is made that the trial judge allowed the district attorney in cross-examining the defendant's character witnesses to ask them whether their opinion of her reputation for truth, honesty and integrity in the community in which she lives would be changed if they had heard her character questioned because of certain acts done or statements made by her. In the absence of a showing of bad faith it is always

within the scope of legitimate cross-examination to ask a character witness whether he has heard the person whose reputation is under investigation accused of conduct inconsistent with the character attributed to him by the witness. (*People v. Stevens*, 5 Cal. (2d) 92, 99 [53 Pac. (2d) 133].) The court properly allowed the questions asked by the district attorney.

The appellant next contends that prejudicial error was committed by the trial court in admitting into evidence the decree in the consolidated cases in favor of H. B. Busing and against W. P. Nichols, and in allowing it to be read to the jury. No objection to its introduction was made by the appellant, and although the decree was not final, an appeal having been taken from it, this fact was shown as the defendant introduced the notice of appeal therefrom. In any event, it was evidence tending to show that H. B. Busing, who was alleged to have been defrauded, had a valid claim of title to the property and no error was committed by the trial judge in his rulings.

The appellant also urges that the court committed prejudicial error in giving certain instructions and in refusing to give others. Complaint is first made of an instruction stating that it is the right of the trial judge or counsel to comment on the failure of the defendant to explain or deny any evidence against her. No such comment was made and the appellant was not prejudiced by the general statement complained of. Another general instruction defining conduct which amounts to aiding and abetting another in the commission of a crime was a correct statement of the law and was properly given. Under the evidence the jury might have found that the defendant did not personally type the letter or prepare the "Assignment of Mortgage" but that she aided and abetted another in doing so.

The court also instructed the jury that a mortgagor and mortgagee may each have separate and distinct interests in the same property at the same time. Appellant's criticism of this instruction has no merit, for in attacking it she fallaciously assumes that a complete title by merger in W. P. Nichols had been proved. However, no such title was established and the court did not err in giving the challenged instruction.

In the general charge the jury was instructed that the testimony of a witness is corroborated when it is shown "to comport with some facts otherwise known or established by the evidence". If the word "known" appearing in the transcript is not a typographical error made in copying "shown" and the instruction was given as it is written, no prejudice resulted from this mistake inasmuch as the jurors were elsewhere clearly charged that they must render their verdict upon the evidence. Nor can the appellant complain of the instructions which assume that she had offered the letter in evidence, for this fact was not denied. In her testimony the defendant admitted that the letter was introduced in evidence by her in the consolidated cases. Another instruction complained of relates to the materiality of the defendant's testimony upon the reopening of the consolidated cases concerning the genuineness of the letter and the "Assignment of Mortgage". As has been stated, each of these instruments was material to the cases on trial when they were offered; hence the instruction was properly given.

All of the numerous instructions offered by the appellant and refused by the court have been examined. Many of these contain erroneous statements of law. Some of them were undoubtedly correct in whole or in part, but these were fully and fairly covered by the trial judge in other instructions given to the jury, and there is no error in the rulings upon them.

During the trial of the defendant, the Los Angeles newspapers printed reports that certain files of evidence in the chambers of the trial judge and the offices of the district attorney had been "ransacked". Judge Valentine and Deputy District Attorney Fredericks were quoted as saying they were positive some person facing trial had sought to locate and destroy incriminating documents or other evidence. None of the articles mentioned the defendant and the record does not show that any one of them was ever seen by any member of the jury. The defendant has made no showing whatever of any prejudice to her resulting from these publications.

Another of defendant's contentions is that the expert witness who testified on behalf of the People based his opinion that the "Assignment of Mortgage" was forgery upon an examination of the negative of a photograph of it.

But this fact does not impeach the opinion. The negative was sufficiently identified, and the witness explained that certain things which cannot be seen on a positive print appear on a negative one because each additional photographic process eliminates a certain amount of detail in the subject photographed.

The appellant's final point is wholly unintelligible. She complains of the exclusion of a certain decree quieting title in a case entitled *Dexter* v. *Lockwood,* setting forth the decree *verbatim* in her brief without any references to the transcript and without any showing as to whether it was even offered in evidence. A careful examination of the entire transcript discloses no mention of such a decree. The defendant states in her brief that a motion was made to set the decree aside, but the disposition, if any, of this motion is not given. The only effect of this decree would be further evidence of her daughter's title to the property, and it would not necessarily be a defense to the criminal prosecution.

The judgment and order appealed from are and each of them is affirmed.

Curtis, J., Waste, C. J., Langdon, J., and Seawell, J., concurred.

Rehearing denied. Houser, J., voted for a rehearing.