[Crim. No. 3341. Second Appellate District, Division One.—August 6, 1940.]

THE PEOPLE, Respondent, v. BERNARD SHAPIRO, Appellant.

Robert M. Kaufman for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WHITE, J.—The defendant was charged by information with the crime of violation of subdivision 2 of section 337a of the Penal Code, in that he kept or occupied a room or building with books, papers or paraphernalia for the purpose of recording or registering bets upon horse races. A trial by jury having been waived and the cause submitted to the trial court upon the transcript of testimony taken at the preliminary hearing, defendant was found guilty and judgment entered accordingly. From such judgment, and from the order denying his motion for a new trial, this appeal is prosecuted.

The evidence presented at the preliminary hearing is contained entirely in the testimony of a police officer, who testified that he arrested the defendant on January 17, 1940, in an apartment in the city of Los Angeles. Before entering the apartment the witness and another officer observed the interior through a front window. "Looking through a front window we could see this defendant seated in a corner, the southeast corner of the living room, in a sort of armchair with a small coffee table pulled up in front of him, and on this coffee table were many betting markers laid out, spread out, and a telephone. He was at different times talking over the telephone and picking up various betting markers and making notes on them. We went to the door of the apartment at which I listened for a considerable time. I could hear conversation, and at one time I heard the voice say, '727, five to win and five to place'. And I heard other numbers also, but I did not distinguish them altogether. Later I checked this 727 and found it to be a horse running at Santa Anita that day in the seventh race. . . . We got a key and entered the apartment and the defendant was still seated at the same table that I had previously seen him at, and I placed him under arrest. . . . there was another man and two ladies. A lady was lying on the davenport. I think she was ill. . . . These are the betting markers that I saw on the coffee table, and this one in particular had the number '727' five to win and five to place, that I had heard out in the hall. I checked that with the scratch sheet and found it to be a horse called

'Carvola' running in the seventh race at Santa Anita that day. . . . Q. . . . Did you at any time see the defendant write anything on any of these papers? A. I saw him make several notations on some of them, but I could not pick out which he did. Q. Did you see whether or not he had a pencil in his hands? A. He did, yes, sir. Q. Officer, are these A B C betting markers papers that are commonly used by bookmakers in Los Angeles? A. They are, yes, sir. Q. What else, if anything, did you find at that address? A. We found a form sheet and the two National Scratch Sheets. . . ."

Testifying to a conversation with the defendant after placing him under arrest, the officer said, "I asked the defendant how long he had been making book there and he said, 'About two weeks.' I asked him if all of those bets on the table were on Santa Anita, and he said no, some of them were on eastern tracks. I asked him what made him think he could make book at that address without being caught and he said well, he was just going to take a chance."

■ The sole ground relied upon by appellant for a reversal is that the evidence is insufficient to support the judgment. We are urged to hold that the evidence fails to establish the fact that defendant either "kept" or "occupied" the room in question within the meaning of the statute, and therefore that the extrajudicial statement made by the defendant to the police officer was inadmissible by reason of the failure of proof of the *corpus delicti*. ■ When it is proved that the crime charged was committed the *corpus delicti* is established. Proof that the crime was committed by the defendant is not required in order to establish the *corpus delicti*. (*People* v. *Ward,* 134 Cal. 301 [66 Pac. 372]; *People* v. *Bollinger,* 196 Cal. 191 [237 Pac. 25]; *People* v. *Cowan,* 38 Cal. App. (2d) 231 [101 Pac. (2d) 125].) It is not disputed that the evidence shows the presence of the defendant in a room equipped with paraphernalia usually and ordinarily utilized for the purpose of receiving and registering bets on horse races. In the instant case the physical facts coupled with the conduct of the defendant in connection therewith were amply sufficient to support a finding that the room was kept for the purpose of accepting wagers on horse races. (*People* v. *Ryan,* 15 Cal. (2d) 492 [102 Pac. (2d) 320].) With the *corpus delicti* thus proved, the statement made by the defendant to

the police officer was properly admissible in evidence. Taken in its entirety, the proof in the instant case amounted to a complete demonstration of defendant's guilt.

The judgment and order appealed from are, and each is, affirmed.

York, P. J., and Doran, J., concurred.