[Crim. No. 2746.   First Dist., Div. Two.   Oct. 25, 1951.]

THE PEOPLE, Respondent, v. JACK LEVENE, Appellant.

George V. Curtis for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Deputy Attorney General, and Timothy J. Crowley for Respondent.

DOOLING, J.—Defendant appeals from judgments of conviction of the violation of subsections 2 and 4 of section 337a of the Penal Code and from the order denying a new trial.

On September 7, 1950, a party of police officers forcibly entered an office in San Francisco. They had obtained a key to this office from the manager of the building, but when they found that this key would not open the door because it was

"double-locked" they broke the door down. The defendant was the only person in the office and a key which opened the lock on the outer door was found on his person. In the room were two radios, a typewriter, a combination cash register and adding machine, and a pen which wrote in red ink. On top of a cabinet the officers found a racing guide, the "Daily Bulletin and Sports Review," for the current day on which notations had been made in red ink and several sheets of paper with notations in red ink which one of the officers testified were recordings of bets on horses which had run that day.

One of the witnesses testified to the following conversation:

"I says 'Been bookmaking about two weeks?' he says, 'No, I'm not a bookmaker.' And I asked him, I said, 'Well, how do you account for this?' showing him the record of bets. He says, 'Those are my own bets.' . . .

"After that I called his attention to Judy, Martin, Doc and several other names that are on the extreme left side of the sheet, and I said, 'What is all this?' I says, 'Those are not all your own.' He says, 'Well, I take a few for my friends.' Then I asked him if he had written those numbers and bets on the sheets, and he said 'No.' He denied it. He hadn't written it. So there was the pen lying on the desk. . . . It had red ink, it was writing in red ink, and I asked him, 'Is this your pen?' He said yes, it was his pen."

The defendant did not take the stand. He produced one witness, Zimmerman, who testified that he had rented and furnished the office to go into the business of drug distributor with defendant, and that defendant was spending such time in the office as he saw fit before the business got into operation. Zimmerman denied any knowledge of the records of bets which had been found in the office.

■ Defendant's claim that the corpus delicti was not established so as to authorize the introduction of the evidence of his admissions is not well taken. The evidence of the records of bets found on the premises sufficiently established that some person had violated section 337a, Penal Code. ■ The evidence of the corpus delicti need not connect the defendant with the crime. (*People* v. *Shapiro,* 40 Cal.App.2d 321, 323 [104 P.2d 688].)

■ Nor is there any substance to defendant's claim that because Zimmerman rented the office defendant could not be found guilty of "occupying" the premises under subdivision 2 of 337a. Zimmerman's testimony proved defendant's oc-

cupancy, rather than disproving it. One need not be owner or lessee in order to occupy premises in violation of this statute. (*People* v. *Ines,* 90 Cal.App.2d 495, 499 [203 P.2d 540] ; *People* v. *Partee,* 70 Cal.App.2d 736, 739 [161 P.2d 586] ; *People* v. *Steinfeld,* 38 Cal.App.2d 280, 282 [101 P.2d 89].) The distinction in *People* v. *Simon,* 66 Cal.App.2d 860 [153 P.2d 420] is clear. In the Simon case the evidence indicated no more than that the defendant was a casual visitor to the premises.

The claim is made that the court erred in admitting the records of bets and the racing guide because one officer did not positively identify them as the ones found on the premises. The law is otherwise. ''The fact, however, that he was not positive does not destroy the value of the identification. . . . It is not necessary that the identification be made in positive terms by any of the witnesses.'' (*People* v. *Waller,* 14 Cal.2d 693, 700 [96 P.2d 344].) ''An objection that evidence is not positive goes to its weight rather than to its admissibility.'' (*Weingetz* v. *Cheverton,* 102 Cal.App.2d 67, 73 [226 P.2d 742].)

The discussion of this point is rendered academic by the fact that the witness Marino positively identified these exhibits, although counsel argue the question as if the qualified identification of the witness Osuna was the only one in the record.

Complaint is made of certain statements in the prosecutor's argument to the jury. His reference to the witness Zimmerman could not have prejudiced the defendant and it is proper for the prosecutor to argue the effect of the defendant's failure to take the stand. (*People* v. *Zirbes,* 6 Cal.2d 425 [57 P.2d 1319] ; Cal.Const. art I, § 13.)

The prosecutor's statement: ''There is a presumption against him now on each of those things which he should be able to explain and will not explain'' is not an accurate statement of the law, but defendant's counsel made no objection at the time and the court later correctly instructed the jury that ''the failure of a defendant to deny or explain evidence against him does not . . . create a presumption of guilt . . . nor does it relieve the prosecution of its burden of proving every essential element of the crime and the guilt of the defendant beyond a reasonable doubt.'' We cannot find any substantial prejudice to defendant under these circumstances.

We agree with defendant that the court should have given an instruction that where circumstantial evidence is

relied on for conviction the facts and circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion. (*People* v. *Koenig,* 29 Cal.2d 87, 91-92 [173 P.2d 1] ; *People* v. *Zerillo,* 36 Cal.2d 222, 233 [223 P.2d 223].) But here, as in *People* v. *Koenig, supra,* the evidence of defendant's guilt is so clear that we cannot hold the failure to give such instruction to be reversible error.

The judgments and order denying a new trial are affirmed.

Nourse, P. J., and Goodell, J., concurred.