[Civ. No. 20729. Second Dist., Div. One. Apr. 18, 1955.]

PASADENA INVESTMENT COMPANY (a Corporation), Appellant, v. PEERLESS CASUALTY COMPANY (a Corporation), Respondent.

McLaughlin & Casey and James A. McLaughlin for Appellant.

Anderson, McPharlin & Conners and William J. Conners for Respondent.

WHITE, P. J.—Plaintiff has appealed from a judgment for defendant, which was entered after a demurrer to the complaint had been sustained and no amended complaint had been filed. The sole issue to be decided by this court is whether or not the allegations of the complaint state a cause of action against defendant under a forgery bond issued by it.

For convenience in reference, we will hereinafter refer to plaintiff as ''Pasadena'' and to defendant as ''Peerless.''

The bond issued by Peerless to Pasadena indemnified Pasadena against ''any loss . . . through having, in good faith and in the ordinary course of business . . . purchased or otherwise acquired, . . . or given any value, extended any credit . . . on the faith of, or otherwise acted upon any . . . securities, obligations or other written instruments which prove to have been forged, counterfeited, raised or otherwise altered, . . .''

The loss for which Pasadena seeks to recover is alleged to have occurred as follows: Carl and Margaret Nilsson, doing business under the name of E. A. Haveles Manufacturing Company, ''sold and assigned to plaintiff certain purported accounts receivable and purported indebtednesses''; at the time of such sale and assignment they represented to Pasadena that certain invoices from them to the House of Linden Toys, aggregating $4,405.41, ''evidenced bona fide valid indebtednesses from House of Linden Toys to E. A. Haveles Mfg. Co. and that the indebtednesses shown on each of said invoices were due, owing and unpaid.'' Carl and Margaret Nilssen delivered to plaintiff at the time plaintiff purchased each of said indebtednesses and accounts a written receipt signed by Victor Linden, wherein and whereby Victor Linden stated and represented in writing that he had received the services cov-

ered by the said invoices. "That each of the said invoices and receipts described hereinabove were false, fictitious and forged in that they did not represent any bona fide indebtedness" because such services "were not in fact rendered or furnished at all." Carl and Margaret Nilsson and Victor Linden knew that said invoices and receipts were "false, fictitious and forged and knew that they did not represent any valid or bona fide indebtedness." At the time Pasadena purchased each of the said invoices Pasadena "believed the same were genuine and that they represented the indebtednesses respectively shown" and Pasadena then also believed that the three purported receipts signed by Victor Linden were bona fide and genuine and that the services described therein had been rendered to him. Pasadena would not have purchased said invoices if it had not so believed. The invoices and receipts represented no indebtedness and Pasadena is damaged in the sum of $4,405.41.

Respondent urges that none of the invoices or receipts which gave rise to the instant action was "forged, counterfeited, raised or otherwise altered"; that each was signed by the person who appeared to have signed the same; that each is in the same condition in which it was when signed; and that each of said instruments is exactly what the signer intended to sign.

Appellant, on the other hand, relies upon the decision in *People* v. *Thorn,* 138 Cal.App. 714, quotes from page 726 [33 P.2d 5] thereof, and states: "The case is directly in point in that it sustains the fact that a document, although purporting to be a receipt or a shipping document, is nevertheless a forgery when in fact, no merchandise has been shipped or delivered." However, the facts in the cited case were not analogous to those in the instant action. In *People* v. *Thorn, supra,* the defendant, as had the Nilssons in the instant action, had sold accounts receivable evidenced by false invoices of his own company. Whereas, the Nilssons attached to the invoices in the instant action receipts actually signed by the person invoiced, defendant Thorn attached to the invoices sold by him "what *purported to be* a memorandum copy of a bill of lading of the Bayside Steamship Company" (emphasis added) in the handwriting of his employee and prepared under his direction. The question for decision in *People* v. *Thorn, supra,* was whether forged shipping receipts could be the "basis of forgery charges" under section 470 of the Penal Code, and not whether such receipts were forgeries.

The real question to be decided on the appeal now en-

gaging our attention was settled by the Supreme Court of California in 1896. In *People* v. *Bendit*, 111 Cal. 274 [43 P. 901, 52 Am.St.Rep. 186, 31 L.R.A. 831], without authority, defendant collected an account owed by one company to another and receipted for the cash by writing the company name with his own thereunder. At page 276, the court said:

"It is quite clear that the facts above stated do not constitute forgery. When the crime is charged to be the false making of a writing, there must be the making of a writing which *purports to be the writing of another*. The falsity must be in the writing itself—in the manuscript. A false statement of fact in the body of the instrument, or a false assertion of authority to write another's name, or to sign his name as agent, by which a person is deceived and defrauded, is not forgery. There must be a design to pass as the genuine writing of another person that which is not the writing of such other person. The instrument must fraudulently purport to be what it is not."

As stated in *People* v. *McKenna*, 11 Cal.2d 327, 332 [79 P.2d 1065], "The crime of forgery consists either in the false making or alteration of a document without authority or the uttering (making use) of *such* a document with the intent to defraud."

The invoices and receipts, alleged by the complaint in the instant action to have been forged, appear from the other allegations of the complaint to have been made by the parties purporting to have made them. They are not forgeries. Such invoices and receipts not being forgeries, the alleged acts of the Nilssons in using them to evidence accounts receivable sold by them to Pasadena do not constitute forgeries.

Our decision that said invoices and receipts were not forgeries makes it unnecessary for us to consider the other questions discussed in the briefs on this appeal.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1955. Traynor, J., was of the opinion that the petition should be granted.