[Crim. No. 5270.    Second Dist., Div. One.    May 10, 1955.]

THE PEOPLE, Respondent, v. WILLIAM M. SMITH et al.,
Defendants; CHARLES DUREGE, Appellant.

Charles Durege, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Jay L. Shavelson, Deputy Attorney General, for Respondent.

DRAPEAU, J.—A café in Long Beach was robbed at gunpoint. The time was shortly before midnight. A man held a loaded pistol on the bartender and made him give him the money in the cash register.

A waitress on duty, seeing what was going on, started away from there right now. She intended to make her escape out of a side door at the rear of the café. But she was intercepted by another man, who pointed a pistol at her, and told her to sit down and she wouldn't be hurt. This she did without any argument. She just sat there and looked at the man. Her observation enabled her to positively and unequivocally identify him later.

Then these two men ran out the same door the waitress had been heading for. As they were leaving they fired bullets from their revolvers into the ceiling of the café.

Both men were apprehended, charged with robbery first degree and with priors, tried together, convicted by a jury, and sentenced to the state penitentiary.

The man who held the gun on the bartender and who took the money did not appeal.

The other man, Charles Durege, filed a notice of appeal from the "sentence," and appears in this court, as he did in the superior court, as his own lawyer.

His contentions on appeal are as follows:

1. That he was denied due process of law when this court denied his motion to augment the record by adding to it the pamphlet of general instructions for jurors used in Los Angeles County.

2. That testimony that when he was arrested there was found on his person a 38-calibre revolver was inadmissible.

3. That it was misconduct for the assistant district attorney who tried the case to cause that particular revolver to be marked for identification, and to ask questions of witnesses about it.

4. That it was error for the trial court to admit evidence concerning this revolver "out of order."

5. That the trial court should have instructed the jury that the testimony of a witness who reads from a memorandum should be received with caution.

6. That the assistant district attorney was guilty of misconduct in his argument to the jury, in his references to defendant's failure to testify in his own behalf.

7. That defendant was compelled to testify falsely against himself.

8. That it was error for the court to give that part of a stock instruction usually given as the last instruction to a jury that "in a criminal action it is advisable, in the interests of both the state and the defendant, that a verdict be returned, so that there may be an early conclusion of the case."

9. That the instruction to the effect that a witness false in one part of his testimony is to be distrusted in others, as given, did not satisfy the law.

10. Other asserted errors in the reception of evidence.

Defendant overlooks that fundamental section of the Constitution of the State of California which provides that no judgment shall be set aside for misdirection of a jury, or for improper admission or rejection of evidence, or for any error as to any matter of procedure, unless, after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. (Const., art. VI, § 4½.)

■ This defendant, with three prior felony convictions, was positively identified by the waitress as the man who pointed his gun at her, ordered her to sit down, and ran out of the café with the man who took the money from the bartender. In the face of that testimony there was no miscarriage of justice in this case, and none of the things asserted to be errors by defendant would warrant a reversal of the judgment.

Notwithstanding this state of the case this court has analyzed all of defendant's specifications of error and has found that not one of them has any legal merit, and that all of them taken together have no legal merit.

■ In *People* v. *Lopez*, 32 Cal.2d 673 [197 P.2d 757], our Supreme Court considered the propriety of the use of the Los Angeles County pamphlet for the instruction of jurors, and held that it did not violate any rights of a defendant in a criminal case, but rather that "it should be of

great assistance in securing to defendant a fair and impartial trial.''

■ The prosecuting officer in this case acted in good faith with the trial court, and in fairness to defendant, all through the trial. He had a right to have defendant's revolver marked for identification. (*People* v. *Beltowski*, 71 Cal.App. 2d 18 [162 P.2d 59].) When it developed during the trial that that particular weapon, found on defendant's person when he was arrested, had been stolen by him in a burglary he committed after the robbery, it was not offered in evidence.

Turning now to defendant's contentions relative to the instructions. These have been read. The jury was fully and fairly instructed upon all phases of the case. ■ The instruction that the testimony of one wilfully false in a material part of his testimony should be viewed with distrust, as given, has been approved in many California cases. (*People* v. *Denton*, 78 Cal.App.2d 540 [178 P.2d 524]; Code Civ. Proc., § 2061, and see cases collected in West's Ann. Cal. Codes, Code Civ. Proc. § 2061, n. 117.)

■ There is nothing in California law which requires a trial court of its own motion to instruct a jury that testimony of a witness using notes to refresh his recollection should be viewed with caution.

■ The closing instruction was not inconsistent with other instructions in the case. And as given it has been repeatedly held proper. (*People* v. *Gidney*, 10 Cal.2d 138 [73 P.2d 1186].)

■ The remarks of the assistant district attorney in his argument to the jury, relative to defendant's failure to explain or deny any evidence or facts in the case against him were restrained and fair, and well within the rules of our criminal law. (Const., art. I, § 13, *People* v. *Adamson*, 27 Cal. 2d 478 [165 P.2d 3], affirmed by the United States Supreme Court in *Adamson* v. *People*, 332 U. S. 46 [67 S.Ct. 1652, 91 L.Ed. 1903, 171 A.L.R. 1223]; *People* v. *Levene*, 107 Cal. App.2d 125 [236 P.2d 604].)

There was no error in any rulings of the trial court respecting the admission of evidence.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.