[Crim. No. 1142.   Fourth Dist.   Aug. 27, 1957.]

THE PEOPLE, Respondent, v. FRANK GREEN, Appellant.

474

Frank Green, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Carl Boronkay and Herschel T. Elkins, Deputy Attorneys General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 288a of the Penal Code, alleged to have been committed on June 14, 1956. He was also charged with two prior convictions. He pleaded not guilty but admitted the prior convictions. He was represented at the trial by the

public defender. A jury found him guilty as charged, and he was sentenced to imprisonment. This appeal is from the judgment.

It appears from the uncontradicted evidence that the defendant met the complaining witness for the first time at a bar in Palm Springs on the evening of June 14. Later that night the defendant offered to take her home and she accepted. She told him where she lived, but when they reached the main road he turned in the opposite direction, and against her repeated remonstrances drove for a considerable distance at about 60 miles an hour. He finally stopped at a small house on a side road, and said that he wanted to go in to see a sick friend of his and that he would then take her home. There was no one else in the house, and the events involved in this charge occurred there. It is unnecessary to set forth the surrounding facts as testified to by the complaining witness. It is sufficient to say that if her story was believed the evidence was amply sufficient to sustain the verdict. The defendant did not take the stand, and the jury believed the complaining witness.

After she finally arrived at her home the complaining witness told her sister what had occurred and, on June 15, she reported it to a justice of the peace and to a deputy sheriff who was called in. As a result of that conversation the deputy sheriff went to the defendant's home with a warrant for his arrest. This warrant recited that a violation of "288a sex perversion" was charged. The officer did not find the defendant at home and returned on the evening of June 16. When the defendant came to the door the officer asked him if he was Frank Green. The defendant replied that he was not Frank Green, that his name was Williams, and that he thought Frank Green was somewhere in Palm Springs. The officer asked him for some identification showing that he was Mr. Williams, and the defendant stated that he had left his identification in Los Angeles. The officer had seen a woman in the house and asked the defendant if he could speak to this lady. The defendant said he would rather not but the officer insisted, and just then the woman came to the door. The officer recognized the woman and asked her in the presence of the defendant if this was Frank Green, and she said that it was. The officer then produced the warrant and told the defendant that he was taking him into custody. The defendant asked to see the warrant and the officer let him read it.

The deputy sheriff notified another officer by radio to bring

the prosecuting witness out to this house to identify the location and the person. Shortly thereafter the other officer arrived, bringing the prosecuting witness and another woman with him. In the presence of the defendant, the other officer and the three women, the deputy sheriff asked the complaining witness if this was the location and she replied "yes." He then asked her "Is this the person" and she said "Yes, this is Frank Green." When these questions were asked and answered the defendant remained silent and said nothing. The next day the deputy sheriff asked the defendant if he would relate his side of the story as to what had occurred on the evening of June 14, and he replied that he would rather not say anything until he talked to an attorney.

The appellant contends that the court erred in permitting testimony to be introduced purporting to establish that an accusatory statement made to and against him, after he was in custody. It is argued that the two questions which the deputy sheriff asked the prosecuting witness, as to whether this was the location and whether this was the person, merely referred to whether this was Frank Green and whether this was his residence, which he was not called on to deny; that there were three women present when these questions were asked, and since he was not told which one was the complaining witness no particular or definite accusation was made; and that there was nothing in connection with the asking or answering of these questions which called for a reply on his part.

Aside from the matter of identifying the defendant these questions and answers, under the circumstances, were plainly accusatory in nature. The officer had come with a warrant for the defendant's arrest on a charge of sex perversion, the defendant had read that warrant and knew what offense he was charged with, and the sheriff was waiting for the arrival of the other officer who was to bring the complaining witness in connection with that charge. When the complaining witness arrived and gave these answers to these questions it cannot reasonably be thought that the defendant did not know that he was thus being accused of the acts involved in the charge on which the warrant was issued. Under these circumstances the jury could well decide that the import of the statements was such as to call for a reply, and that the failure to reply thereto was of evidentiary value. (*People* v. *Yeager*, 194 Cal. 452 [229 P. 40].) The fact that the accused was then under arrest did not render inadmis-

sible this testimony of his failure to deny accusatory statements made in his presence. (*People* v. *Byrne,* 160 Cal. 217 [116 P. 521] ; *People* v. *Simmons,* 28 Cal.2d 699 [172 P.2d 18].) In the latter case, there is a full discussion of the cases and principles involved in connection with the admission of such testimony. Under the rules there pointed out the evidence here in question was admissible, and no error appears in the admission of this testimony.

It is contended that the evidence was legally insufficient to support the verdict and judgment because the verdict rested solely on the testimony of the complaining witness, who was an accomplice, and her testimony was not corroborated by other evidence. Aside from the fact that there was some corroboration in the failure of the defendant to deny the accusatory statements made in his presence, accentuated by his denial of his identity when the officer was trying to serve the warrant, it does not necessarily appear that the complaining witness was an accomplice. ■ According to the only evidence in the record, she was a victim and not an accomplice. She not only made a prompt complaint to the officers but her testimony, if believed, is amply sufficient to show that she was forced to take part in the act in question and that she acted through a fear of the defendant, which was fully justified under the circumstances she related. The entire case depended upon whether or not the jury believed her testimony. The defendant did not deny the facts, as testified to by her, and the jury believed her. ■ While the appellant argues that some of the evidence given by this witness would justify inferences which were favorable to him, the evidence would also justify other inferences which the jury chose to draw, and any question of fact was one for the jury. The case of *People* v. *Bales,* 74 Cal.App.2d 732 [169 P.2d 262], relied on by the appellant, involves very different facts and is not controlling here.

Finally, it is contended that the deputy district attorney was guilty of prejudicial misconduct in that, in cross-examining the defendant's character witnesses, he asked them whether they had ever heard of the defendant's having been involved in similar acts with certain other named persons; and in commenting, during his argument to the jury, on the failure of the appellant to take the stand.

■ These character witnesses had testified that the appellant had a good reputation for morality. On cross-examination, they were asked whether they had heard that the

appellant had attempted by force to have such unnatural sex relations with certain other persons. Both witnesses admitted that they had heard rumors of at least one such act, but each stated that since the charges were dropped this would not change their view of the appellant's reputation for morality. No error appears in this connection. (*People* v. *Spillard,* 15 Cal.App.2d 649 [59 P.2d 887] ; *People* v. *McKenna,* 11 Cal. 2d 327 [79 P.2d 1065] ; *People* v. *Boone,* 126 Cal.App.2d 746 [273 P.2d 350].) ▮ It is argued that the deputy district attorney in at least nine instances made some reference to the fact that the defendant did not take the stand to testify in his own behalf. Such comment is authorized by section 13, article I of the Constitution of this state and by section 1323 of the Penal Code. No objection was made to these comments at the time, the comments made were mild in nature, and the record does not indicate that the deputy district attorney abused the privilege thus given him. No prejudicial misconduct appears. (*People* v. *Adamson,* 27 Cal.2d 478 [165 P.2d 3] ; *People* v. *Levene,* 107 Cal.App.2d 125 [236 P.2d 604].)

The judgment is affirmed.

Mussell, J., concurred.