KRAUSE, J.
*814 After receiving a speeding citation, defendant Dr. Nickesh Pravin Shah duped an employee into signing a letter falsely stating that defendant was responding to a medical emergency at the time of the traffic stop. Defendant's attorney eventually entered the letter in evidence at his traffic trial.
After the traffic trial, defendant was charged with violating Penal Code sections 132 and 134 by preparing and offering the forged letter as false evidence. A jury found defendant guilty of both offenses, and the trial court suspended imposition of sentence and placed defendant on probation.
On appeal, defendant contends that the judgment must be reversed because the trial court (1) failed to instruct the jury that materiality is an element of the offenses; (2) erroneously instructed the jury on the definition of forgery as it relates to the violation of Penal Code section 132 (count 1); (3) erred in denying his motion to dismiss the felony complaint as an impermissible successive prosecution for the same act or course of conduct; and (4) impaired his constitutional right to present a defense through its evidentiary rulings. We affirm the judgment.
*479 *815 FACTUAL AND PROCEDURAL BACKGROUND
In early 2013, defendant accepted through a staffing agency a temporary position as a physician at a health clinic. The clinic was small, with just two physicians and a staff of approximately eight to nine people. The clinic hired defendant to care for the patients of one of the doctors who was on leave.
On the morning of April 3, 2013, at approximately 10:00 a.m., defendant was driving to work when a California Highway Patrol (CHP) officer stopped him for speeding. At the time of the stop, defendant was late for work, which was not unusual.
When informed of the reason for the stop, defendant told the officer that he was en route to a medical emergency and needed to be there within the next 10 minutes. The officer asked defendant the nature of the medical emergency, and defendant responded, "A gall bladder." Defendant told the officer he would be performing surgery on the patient.
The officer asked defendant if there was someone who could confirm this information. Defendant gave the officer the name and telephone number of a supervisor at the clinic. Defendant said she would know if there was an emergency. The officer called the number and spoke to the supervisor. The supervisor denied there was an emergency and told the officer that defendant "was just late to see his regularly scheduled patients."[1]
When the officer relayed this information, defendant responded that the supervisor must be working on the other side of the facility and unaware of the emergency. The officer, unpersuaded, cited defendant for speeding, but suggested that the district attorney might dismiss the citation if defendant could provide documentation showing that he was, in fact, responding to an emergency.
A couple of weeks later, defendant had his office manager sign a letter relating to the traffic stop. The letter stated: "This letter is to confirm that [defendant] was on his way to an emergency in order to attend to a patient at this facility on April 3rd, 2013[,] at 10:00 a.m. with severe abdominal pain and concern for a gall bladder infection." The letter was dated April 16, 2013.
*816 Defendant, through his attorney, subsequently offered the letter in evidence at the trial on his speeding citation. The traffic court judge nevertheless found defendant guilty.
After the traffic trial, the prosecutor filed a felony complaint against defendant charging him with violations of Penal Code sections 132 and 134[2] for preparing and offering false and fraudulent evidence at the traffic trial. Defendant pled not guilty.
At trial, the supervisor who received the call on the day of the traffic stop testified that she had no knowledge of any patient in distress or any kind of emergency on the morning of April 3. She testified that because it was a small clinic, the staff was generally aware of what was happening in the office and that in her supervisory position, the other medical assistants would come to her if anything unusual was happening.
*480 The office manager for the clinic similarly testified that she was not aware of any patients in the clinic with significant health issues on the morning of April 3. Dr. Foster, the other physician working at the clinic, testified that he did not treat anyone with an emergency on the morning of April 3 and, to his knowledge, there were no calls for emergency transport.
At trial, the office manager was asked about the April 16, 2013, letter she signed falsely stating that there was an emergency. She testified that defendant misled her to believe that the letter was intended to help defendant terminate his contract with the temporary staffing agency through which he was employed. She did not draft the letter or read it before she signed. She testified that "[defendant] brought [the letter] in, told me what it was for, and I said 'Okay,' and I just signed my name."
Defendant did not put on an affirmative defense case.
The jury found defendant guilty of violating sections 132 and 134. The trial court suspended imposition of sentence and placed defendant on probation for 36 months with a number of special conditions.
*817 DISCUSSION
I
The Court Did Not Err in Failing to Give a Materiality Instruction
Defendant concedes that neither section 132 nor section 134[3] contain an express materiality element like that in the perjury statute, section 118, subdivision (a). Nevertheless, citing People v. McKenna (1938) 11 Cal.2d 327, 79 P.2d 1065 ( McKenna ), United States v. Alvarez (2012) 567 U.S. 709, 132 S.Ct. 2537 [183 L.Ed.2d 574] ( Alvarez ), and People v. Morera-Munoz (2016) 5 Cal.App.5th 838, 210 Cal.Rptr.3d 409 ( Morera-Munoz ), defendant argues that a materiality requirement must be implied to save the statutes from being unconstitutionally vague and overbroad, and that the trial court's failure to instruct on materiality violated his due process rights. We find no merit in defendant's position.
In McKenna , the defendant appealed her convictions for perjury, forgery, offering false evidence in violation of section 132, and preparing false evidence in violation of section 134, arguing that the documents she altered and fabricated were immaterial to any of the issues in the consolidated cases. ( McKenna , supra , 11 Cal.2d at p. 332, 79 P.2d 1065.) Without discussion, the Supreme Court characterized the defendant's argument as directed to the counts charging her with preparing and offering false evidence. ( Id. at pp. 333-334, 79 P.2d 1065.) After reviewing the evidence, the court rejected the defendant's argument, concluding that the documents at issue were in fact material and that the trial court committed no error "in instructing the jury that the alterations were material." ( Id. at p. 335, 79 P.2d 1065.)
As the People correctly observe, the issue of whether sections 132 and 134 contain *481 a materiality requirement was not raised in McKenna. The court simply assumed that the issue of materiality pertained to those charges for purposes of the decision. Thus, the passing reference to materiality in McKenna is dictum and has little persuasive value. ( California Chamber of Commerce v. State Air Resources Bd. (2017) 10 Cal.App.5th 604, 640, 216 Cal.Rptr.3d 694 [cases are not authority for propositions not considered therein].) *818 The United States Supreme Court's decision in Alvarez is distinguishable as a First Amendment free speech case. In Alvarez , the court addressed the constitutionality of the Stolen Valor Act of 2005 ( 18 U.S.C. § 704(b) ), which makes it a crime to falsely claim receipt of military decorations or medals. ( Alvarez , supra , 567 U.S. at p. 714, 132 S.Ct. 2537.) Construing the Stolen Valor Act as a content-based restriction, the court affirmed a judgment concluding that the Act unconstitutionally infringed upon speech protected by the First Amendment. ( Id. at pp. 729-730, 132 S.Ct. 2537.) Here, defendant alleges a violation of his due process rights, not his right to free speech. Thus, defendant's reliance on Alvarez is misplaced.
Morera-Munoz likewise does not support defendant's position. In that case, the court considered a constitutional challenge to Vehicle Code section 31, which criminalizes giving false information to law enforcement officers engaged in the performance of their duties. Although the court concluded that the statute did not violate the First Amendment, it agreed with the parties that Vehicle Code section 31 should be construed to include a materiality requirement to comport with due process.[4] ( Morera-Munoz , supra , 5 Cal.App.5th at p. 856, 210 Cal.Rptr.3d 409.) Defendant argues that this part of the ruling is controlling here because sections 132 and 134 are "directly comparable" to Vehicle Code section 31. Defendant overstates the similarity.
First, the conduct targeted by sections 132 and 134 is far narrower than Vehicle Code section 31, which applies to any false information given to a peace officer in the performance of his or her duties. Since peace officers receive a great deal of information in the course of their duties, without a materiality requirement, Vehicle Code section 31 would lack the " 'necessary connection between the prohibited false information and [any] law enforcement resources ... used to disprove it.' " ( Morera-Munoz , supra , 5 Cal.App.5th at p. 856, 210 Cal.Rptr.3d 409.)
In contrast, sections 132 and 134 are concerned with false or fraudulent instruments prepared for or offered in evidence at a legal proceeding. The statutes require that the instrument itself be false or forged, not merely that it contain some false information. And because sections 132 and 134 only apply in the context of legal proceedings, unlike a violation of Vehicle Code section 31, there is a clear connection between the false evidence and the resources that would be used to disprove it.
Second, unlike Vehicle Code section 31, importing a materiality element is not necessary to ensure that sections 132 and 134 do not impose *819 substantial criminal penalties on relatively trivial or innocent conduct. By its own terms, section 134 only applies to false evidence prepared with the *482 intent to produce it (or allow it to be produced) in a legal proceeding for a "fraudulent or deceitful purpose," i.e., to mislead or deceive the trier of fact. ( § 134 ; People v. Bamberg (2009) 175 Cal.App.4th 618, 629, 96 Cal.Rptr.3d 139.) Section 132 only applies to forged or fraudulently altered documents or instruments offered in evidence at a legal proceeding. ( § 132.) The objective of section 132, as with section 134, is to prevent the fraudulent introduction of material in a proceeding under the authority of law. ( People v. Pereira (1989) 207 Cal.App.3d 1057, 1068, 255 Cal.Rptr. 285 ( Pereira ).) The conduct punished by the statutes will rarely, if ever, be trivial or immaterial.
Finally, although we have not found any authority expressly deciding whether section 132 or 134 include a materiality requirement, numerous appellate decisions have applied these statutes without making any reference to materiality. (See, e.g., People v. Morrison (2011) 191 Cal.App.4th 1551, 1555, 120 Cal.Rptr.3d 502 [submission of false urine sample to deceive probation officer]; People v. Bamberg , supra , 175 Cal.App.4th at p. 629, 96 Cal.Rptr.3d 139 [staged photographs of intersection prepared to deceive traffic judge]; Pereira, supra , 207 Cal.App.3d at pp. 1068-1069, 255 Cal.Rptr. 285 [altered loan document sent to FPPC]; People v. Bhasin (2009) 176 Cal.App.4th 461, 468-470, 97 Cal.Rptr.3d 708 [preparing and offering false document at trial].)
And at least one court, construing a very similar statute, expressly rejected the argument that materiality was an element of the offense. In People v. Feinberg (1997) 51 Cal.App.4th 1566, 60 Cal.Rptr.2d 323, the defendant was convicted of offering a false or forged instrument for recordation in violation of section 115.[5] ( Id. at pp. 1572-1573, 60 Cal.Rptr.2d 323.) The Court of Appeal rejected the argument that the trial court erred in failing to instruct the jury that materiality is an element of the offense, reasoning that not all crimes of falsity have a materiality requirement. ( Id. at pp. 1578-1579, 60 Cal.Rptr.2d 323.) The court found it persuasive that the text of section 115 does not suggest materiality is an element of the offense, and that the chapter of the code in which the statute appears, " 'Forging, Stealing, Mutilating, and Falsifying Judicial and Public Records and Documents,' " does not refer to materiality. ( Id. at p. 1578, 60 Cal.Rptr.2d 323.)
The same reasoning applies here. As noted, neither section 132 nor section 134 contain an express materiality requirement, and in the chapter in *820 which those statutes appear, entitled "Falsifying Evidence, and Bribing, Influencing, Intimidating or Threatening Witnesses," only two statutes out of 18 reference materiality.[6] It is well settled that "[w]hen the Legislature 'has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded.' " ( Pasadena Police Officers Assn. v. City of Pasadena (1990) 51 Cal.3d 564, 576, 273 Cal.Rptr. 584, 797 P.2d 608.)
For all these reasons, we conclude that materiality is not an element of the offenses, and that the trial court did not err in denying defendant's request for a materiality instruction.
*483 II-IV**
DISPOSITION
The judgment is affirmed.
We concur:
MAURO, Acting P. J.
HOCH, J.

This was not the first time that defendant falsely claimed he was responding to an emergency to avoid a speeding ticket. At trial, a San Francisco police officer testified that when he stopped defendant for speeding in 2010, defendant told the officer he was "on an emergency call" heading to the University of California, San Francisco, Medical Center. The officer asked for proof, but defendant was unable to substantiate the emergency.

Further undesignated statutory references are to the Penal Code.

Section 132 provides: "Every person who upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law, offers in evidence, as genuine or true, any book, paper, document, record, or other instrument in writing, knowing the same to have been forged or fraudulently altered or antedated, is guilty of felony."
Section 134 provides: "Every person guilty of preparing any false or antedated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of felony."

Morera-Munoz discusses a report prepared by the Office of the Legislative Counsel analyzing Vehicle Code section 31 that suggests courts might read a materiality element into the statute, and the People conceded on appeal that the statute would be unconstitutional without a materiality requirement. (Morera-Munoz , supra , 5 Cal.App.5th at pp. 855, 857, 210 Cal.Rptr.3d 409.)

Section 115, subdivision (a) provides: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony."

See section 137, subdivisions (a) through (c) and section 141, subdivision (c).

See footnote *, ante .